JONATHAN N. HARRIS vs. JOHN JOHNSTON et al.

Submitted on briefs June 28, 1893. Reversed July 14, 1893.

**A Power of Attorney Construed.**

> Each of several tenants in common of real estate executed a several and separate power of attorney authorizing the agent to sell the land and execute warranty deeds of his interest in the property, and "to sell and indorse any promissory notes that may be taken and secured by mortgage" on the property. *Held*, that the power did not authorize the agent to bind his principal as indorser, jointly with the other cotenants, of a note taken payable jointly to them all.

Appeal by defendants, Andrew J. Smith and Frank E. Searle, from a judgment of the District Court of Ramsey County, *John W. Willis*, J., entered against them February 23, 1893, for $2,155.20.

The defendants, Andrew J. Smith, Frank E. Searle, John Johnston, Alvin R. Bushnell and William M. Bushnell, each owned an

undivided fifth ·of Summit Park Addition to South St. Paul, in Dakota County.    On April 4, 1888, William M. Bushnell was given a power of attorney by each of the other four part owners, authorizing him to sell the lots and to make and deliver warranty deeds of his interest in the property, and each of the four in his power of attorney authorized Wm. M. Bushnell to sell and indorse any promissory notes that might be taken and secured by mortgages on any of said lots, and to assign the mortgages.    Under these four several powers of attorney Wm. M. Bushnell on March 1, 1889, sold and conveyed seven of the lots to Lewis D. Petre, and took Petre's note for $2,000 and interest, *with current exchange on New York City,* secured by mortgage on the lots so sold.    On March 25, 1889, Wm. M. Bushnell sold this Petre note and assigned the mortgage to the plaintiff, Jonathan N. Harris, and wrote on the back of the note as follows:

"For value received we hereby guaranty the payment of the within note at maturity, hereby waiving protest and notice of protest for nonpayment.    Pay J. N. Harris or order.

"JOHN JOHNSTON.

"A. J. SMITH.

"F. E. SEARLE.

"A. R. BUSHNELL.

"Each by WM. M. BUSHNELL, Their Attorney in Fact.

"WILLIAM M. BUSHNELL."

Plaintiff brought this action on this indorsement against these five parties.    Searle and Smith alone answered, denying Wm. M. Bushnell's authority to make this indorsement on their behalf.    Each claimed that the power of attorney made by him did not authorize Wm. M. Bushnell to make for him a joint contract with others, or to indorse his name on the paper of the other owners, or on any note not owned by him alone.    A jury was waived.    The court made findings and ordered judgment for plaintiff.    It was entered, and these two defendants appeal.

*Lusk, Bunn & Hadley,* for appellants.

The powers of attorney given by these defendants did not authorize Wm. M. Bushnell to make the contract he attempted to make in

their names on the back of the note. These powers each authorize the attorney to sell and indorse any promissory notes that may be taken and secured by mortgages on any of said lots. This instrument is not an indorsement, it is a guaranty. A power given to an agent to indorse negotiable paper does not give him power to guaranty, nor bind the principal to any liability upon the paper, except it is conditional upon due presentment to the maker and due notice of dishonor to the indorser. *Graul* v. *Strutzel*, 53 Iowa, 712; *New York Iron Mine* v. *Citizens' Bank*, 44 Mich. 344.

The great weight of authority is that a guaranty upon a promissory note cannot be construed to be an indorsement. *Miller* v. *Gaston*, 2 Hill, 188; *Brown* v. *Curtiss*, 2 N. Y. 225; *Trust Co.* v. *Nat'l Bank*, 101 U. S. 68; *Lamourieux* v. *Hewit*, 5 Wend. 307; *Tuttle* v. *Bartholomew*, 12 Met. 452; *Belcher* v. *Smith*, 7 Cush. 482; *Snevily* v. *Ekel*, 1 Watts & S. 203; *Sample* v. *Martin*, 46 Ind. 226.

But it will be claimed that this contract is a double one, a contract of guaranty and also one of indorsement, and that inasmuch as the agent did not have authority to make the guaranty and did have the authority to make the indorsement, therefore the unauthorized part of the contract may be stricken out or be disregarded and the parties be held to the indorsement. The persons making this claim seek to strike out a part of the contract and make it silent upon one branch of the agreement, and then turn around and say that because the contract is silent in that respect, therefore, the law will come in and imply that the parties intended to make a contract which is not only totally different but the reverse of what was expressed and stricken out. They seek to strike out the guaranty and the provision that the indorser shall be bound without presentation of the paper and notice of dishonor, and then by implication of law, substitute in their place the provision that the indorser shall be only bound upon presentation and notice of dishonor. This is not disregarding the excess or unauthorized part of the contract, but it is substituting a new and totally different contract in the place of the unauthorized one.

The power of attorney under which Wm. M. Bushnell acted in making the contract on the back of this note did not give him authority to make the contract he did make, for the reason that the powers given by the defendants are separate powers and do

not authorize the agent to bind the principals jointly with any other persons. The contract sought to be enforced in this case is a joint contract wherein these two defendants unite with John Johnston, A. R. Bushnell and Wm. M. Bushnell. There is nothing in the power that authorized Bushnell either to sell the lots for these persons jointly with others or to indorse notes jointly with others, but the whole instrument tends to show that he was empowered to sell their interest in the land separately, and to indorse notes running to them separately and not jointly with others. If this authority had been strictly pursued in this respect, the appellant Smith would have been made liable only on his proportional part of the notes taken for the property. Whereas by signing his name jointly with the other defendants, 'the agent has rendered him liable upon the whole amount of the mortgage debt. *Stainback* v. *Read*, 11 Gratt. 281; *First Nat. Bank* v. *Gay*, 63 Mo. 33; *Mechanics' Bank* v. *Schaumburg*, 38 Mo. 228.

The conclusion of law of the court below is not supported by its findings of fact for the further reason, that it appears from the findings of fact that the note on which the action is brought is not negotiable, because it provides for the payment of $2,000 and interest with current exchange on New York City. This court has already held that a note providing for the payment of a reasonable attorney's fee in case suit is instituted for its collection, is not negotiable because the amount is uncertain, (*Jones* v. *Radatz*, 27 Minn. 240,) although some authorities hold that such a note is negotiable. And there is just as much reason for holding the note providing for the payment of exchange to be non-negotiable, as there is for holding one providing for attorney's fees to be non-negotiable. The important thing is to have some rule upon the subject fixed and established, and when such rule is fixed it should, if possible, be governed by some reason, and the rules governing commercial paper should be founded upon some principle and be harmonious with each other.

*S. E. Hall* and *Young & Lightner*, for respondent.

It may be conceded that the power to sell and indorse did not include power to guaranty payment. But if the agent had power to indorse, and did indorse, although he also attempted to guaranty,

the indorsement is binding on the principal, though the attempted guaranty must be rejected. *Reed* v. *Seymour*, 24 Minn. 273; *Alexander* v. *Alexander*, 2 Ves. 644; *Warner* v. *Howell*, 3 Wash. C. C. 12.

The simple question then is: Does the writing include the contract of indorsement? It seems to us that it does. Whatever may be the decisions in other states, the question is settled in this court by the reasoning in *Maine Trust & Banking Co.* v. *Butler*, 45 Minn. 506.

A guaranty of payment merely, will exclude the contract of indorsement. But in this case, the writing in terms expresses both a guaranty and the contract of indorsement. *Harbord* v. *Cooper*, 43 Minn. 466.

Whether a payee who signs his name to a simple guaranty of payment is liable both as guarantor and indorser, or only as guarantor, is a disputed question. The preponderance of authority and reasoning seems to us to hold him liable as indorser. The greater should include the less. The liability of a guarantor is greater than that of an indorser, and includes all of the liabilities of the indorser. The following authorities hold the liability to be both that of indorser and guarantor: Story, Promissory Notes, § 147, note 4; 2 Daniel, Neg. Inst. § 1781; *Partridge* v. *Davis*, 20 Vt. 499; *Heaton* v. *Hulbert*, 3 Scam. 489; *Robinson* v. *Lair*, 31 Iowa, 9; *Heard* v. *Dubuque Co. Bank*, 8 Neb. 10; *State Bank* v. *Haylen*, 14 Neb. 480; *Helmer* v. *Commercial Bank of B. M. Webster*, 28 Neb. 474; *Weitz* v. *Wolfe*, 28 Neb. 500; *Buck* v. *Davenport Sav. Bank*, 29 Neb. 407; *Leggett* v. *Raymond*, 6 Hill, 639; *Prosser* v. *Luqueer*, 4 Hill, 420; *Blakely* v. *Grant*, 6 Mass. 385; *Upham* v. *Prince*, 12 Mass. 13.

It is true the appellants gave separate powers, but it does not follow that the agent had only authority to indorse their separate and individual notes. By this power the agent is authorized to sell and convey lots, to make deeds in the name of the principal of his interest in the same, and to sell and indorse any promissory notes that may be taken and secured by mortgages on any of said lots. The note involved in this action is conceded to be a note taken and secured by a mortgage on said lots. It is, therefore, just such a note as the principal authorized the agent to sell and

indorse. More than that, it is conceded and found that the note runs to the parties named in the powers and to no other parties, was made on a conveyance of the interest of these same parties in the lots described in the mortgage securing the note so sold and indorsed. A more exact compliance with the power would be difficult to imagine. The cases cited by appellants are not in point.

The provision for exchange does not destroy the negotiability of the note. Even if the negotiability is destroyed, the appellants are liable as the first indorsers of a nonnegotiable instrument. The question is not settled by the cases. The great weight of authority we conceive to be with the plaintiff.

MITCHELL, J. The defendants in the record, Johnston, Smith, Searle, and the two Bushnells, being the owners as tenants in common of certain lands, each of them, other than William M. Bushnell, executed a separate power of attorney to William M. Bushnell, (Exhibits A and C of the complaint.) William M. Bushnell, for himself, and as attorney for the other defendants, under these powers, sold some of the land, and took as security for the purchase money (as we infer) the promissory note described in the complaint, payable to the order of all five of the defendants jointly, and subsequently sold and transferred it to plaintiff with what purported to be a joint "indorsement" or "guaranty" of all the payees. This action is brought on this indorsement or guaranty. The defense is that it was not authorized by the power, because— *First*, it is a contract of guaranty of payment, and not of "indorsement;" *second*, the separate powers did not authorize the agent to bind either of the defendants jointly with the others; and, *third*, that the instrument was not a promissory note. The third ground has been decided adversely to defendants' contention, at the present term, in *Hastings* v. *Thompson, post,* p. 184, (55 N. W. Rep. 968.) We do not find it necessary to consider the first, because, in our judgment, the second is decisive of the case. It is as fundamental as it is elementary in the law of agency that a formal instrument conferring authority will be construed strictly, and can be held to include only those powers which are expressly given, and those which are necessary and essential to carry into effect those which are expressed. While all these parties had an interest in the land,

the powers of attorney were several and separate, and authorized the sale and conveyance of the interest of each, and the disposition of the notes and mortgages taken for purchase money therefor separately, and not jointly, with the interest of the others. The authority in each instance was to convey by warranty deed the interest of the grantor of the power in the property. It could hardly be claimed that this would authorize the attorney to execute a joint deed in behalf of all the owners, of the whole of any tract, so as to bind each by covenants of warranty of the title not only of his own interest, but also of the interests of his cotenants. So, too, with the authority to indorse notes "taken and secured by mortgages on any of said lots." This must be construed in connection with what precedes. It evidently refers to notes taken for the interest of the grantor of the power, and running to him separately, and not notes taken for the interests of the other owners of the property, or to notes running to him and them jointly. In accordance with the doctrine already announced, it is held that authority to bind a principal as a party to a negotiable instrument, unless otherwise expressed, is authority to bind him separately, and not conjointly with another; or, to state the rule more generally, a power to an agent to act for his principal, in the absence of any thing to show a different intention, must be construed as giving authority to act in the separate individual business of his principal. Daniel, Neg. Inst. § 276; *Stainback* v. *Read,* 11 Gratt. 281. This has been held to be the rule even where binding him conjointly with another does not affect him injuriously. *First Nat'l Bank* v. *Gay,* 63 Mo. 33. In this case, by joining one of the defendants jointly with the others in an indorsement of a joint note running to all, each of them is made liable, not merely for that part of the note belonging to him, and which was taken for his interest in the property, but for the entire amount of the note, taken for the interest of all, and belonging to all. This was clearly not authorized by the power. It may be, as suggested, that in realestate transactions of this kind it would have been more convenient to have provided for the execution of joint deeds, taking back joint notes and mortgages, and for joint indorsements. If so, it would have been very easy, if the parties so desired, to have executed joint powers of attorney to that effect; but they have not

done so, and there is nothing in the separate powers expressing or indicating any such intention.

Judgment reversed.

(Opinion published 55 N. W. Rep. 970.)