DULUTH NEWS TRIBUNE v. J. E. SMITH AND ANOTHER.[1]

December 17, 1926.

No. 25,608.

**Power of attorney sufficient to authorize advertising by agent.**

1. Where defendant gave a power of attorney authorizing the attorney to sell and convey a number of cabin sites, platted on the shore of a lake for summer resort purposes, for such prices and terms as he may see fit, with full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in the premises, the same was sufficient to authorize the attorney to advertise such cabin sites for sale and obligate his principal for the expense thereof.

**Finding for plaintiff sustained.**

2. Evidence examined and *held* sufficient to justify a finding in favor of the plaintiff for the amount of such advertising.

**Formal instrument conferring authority construed strictly.**

3. It is a well settled rule in the law of agency that a formal instrument, conferring authority, will be construed strictly and can include only those powers which are expressly given and those which are necessary and essential to carry into effect those which are expressed.

**Intention of parties to power of attorney should prevail.**

4. Where the intention of the parties appears from the language employed in a power of attorney, such intention should prevail, and, where the language will permit, that construction should be given which will support the purpose of the instrument.

Agency, 2 C. J. p. 556 n. 34; p. 557 n. 38 New, 42; p. 558 n. 46; p. 578 n. 81; p. 612 n. 69, 69 New.
Contracts, 13 C. J. p. 780 n. 39.

Defendant Grant appealed from an order of the municipal court of Duluth, Funck, J., denying his motion for a new trial. Affirmed.

*Roderick Dunn*, for appellant.

*Goldberg & Cohen* and *C. G. Lindquist*, for respondent.

[1]Reported in 211 N. W. 322.

QUINN, J.

In 1924 Peter Grant, unmarried, lived at Port Arthur, Ontario. He owned a tract of about 35 acres in Carlton county, bordering upon Torch Light lake. A considerable portion of the tract had been platted, which was referred to as "Torch Light Lake Cabin Sites." In the spring of 1923 Grant entered into an oral agreement with Smith to sell the property for him. This arrangement proved unsuccessful. In June, 1924, Grant executed a power of attorney, under seal, appointing Smith his attorney in fact to sell and convey such premises, etc. During the summer of 1925 Smith procured certain advertising, for the sale of such lots, in plaintiff's paper, amounting in the aggregate to $480.15, upon which he paid $67.15. This action is brought against both Grant and Smith to recover the unpaid balance.

The complaint charges that plaintiff furnished advertising to the defendants, who accepted the same, at the agreed price of $436.52, which amount defendants promised to pay; that payment thereof has been demanded and has not been made. Grant alleges in his answer that, if such advertising was contracted for, as alleged in the complaint, it was not done on his behalf. The defense of Smith is that he never at any time was engaged in business as the "Torch Light Lake Pavilion" or in partnership with Grant. He alleges that he personally contracted for the advertising and that he is owing plaintiff therefor $413.

Appellant sets forth 8 assignments of error. The first two relate to an order denying a motion to amend the findings, which is not an appealable order. Assignments 4 to 8 are not for consideration because such assignments relate to the rulings upon the admissibility and the striking out of testimony, and were not excepted to.

The decisive question in this lawsuit rests upon the construction to be given to the power of attorney. It is a well settled rule in the law of agency that a formal instrument, conferring authority, will be construed strictly and can include only those powers which are expressly given and those which are necessary and essential to carry into effect those which are expressed. Harris v. Johnston,

54 Minn. 177, 55 N. W. 970, 40 Am. St. 312; Gilbert v. How, 45 Minn. 121, 47 N. W. 643, 22 Am. St. 724, and list of cases cited in note 13, 21 R. C. L. 881.

Where the intention of the parties appears from the language employed in a power of attorney, such intention should prevail, and where the language will permit, that construction should be given and carried out which will support the purpose of the instrument. In the instant case the query is: Does the authority to sell the numerous cabin sites, used as it is in connection with other authority as expressed in the instrument, carry with it by implication authority to advertise such sites for sale? While a distinct and independent power cannot be brought into existence by implication from the grant of another distinct power, yet authority to do a specific thing carries with it by implication the power to do whatever is necessary to effectuate the thing authorized.

The authority expressed in the instrument "was to sell all my right, title and interest in * * * all lots, tracts or parcels * * * in my name and stead, and to sell the same in such pieces or parcels and at such prices and terms as he may see fit or decide, and to accept, receive and receipt for all purchase money or moneys payable therefor, and to deed, grant and convey the same by executing and delivering any and all instruments of conveyance that he may deem necessary, * * * with full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in the premises, as * * * I might or could do if personally present."

It is clear that the power in each instance was to be in accordance with the judgment and conception of the agent. It authorized him to take such steps as he might deem best to call the attention of the people to the cabin sites which he has for sale. The premises were on the shore of a lake, a considerable distance out from the centers of population. It would seem to be not only reasonable but necessary in order to effect a sale of such sites to properly advertise them. Grant must have understood and expected such to be done. The purpose of the general provisions of the in-

strument must have been intended to authorize the agent to look after and to do just such necessary things. When the instrument is considered in all of its provisions, the implied authority to advertise, in connection with his authority to perform all and every act and thing necessary to be done, in order to effect a sale of the premises, is but a reasonable deduction therefrom.

The general power to do and perform all and every act and thing necessary to be done in the premises must be construed in connection with what precedes. It evidently refers to the making of sales. It gives the agent authority to act for his principal in selling and in conveying. Suppose he had made several sales and was about to execute conveyances therefor, could it be contended that the agent should draw the instruments himself or might he, under the general power, employ a scrivener to do the work and obligate his principal therefor? So with advertising, it would be no more of a forced construction of the provisions of the instrument before us in one case than in the other. The service of the scrivener would be no more necessary in order to accomplish the purpose in a proper manner in the one case than in the other. In either case, the acts of the agent would bind the principal for the expense necessarily incurred.

Affirmed.

STONE, J.
I concur in the result.