JAMES Y. CALDWELL *et als.*, Plaintiffs in Error, *vs·* J. BAPTISTE ARNOLD, Defendant in Error.

**APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.**

In an action for recovery of possession of personal property, where the Defendants justified the seizure as Sheriff and Deputy Sheriff, under a writ of attachment, and the property was found to belong to the Plaintiff at the time of the levy, *Held,* That the referee correctly found as a conclusion of law, that the taking was wrongful.

If a Sheriff having process directing him to attach, or levy upon the property of the Defendant in the writ, seize the property of any other person, he is subject to the same liabilities as any other person doing such act without process

Where the property seized was not, at the time of the seizure, in the possession of the Defendant in the writ, nor in that of the Plaintiff in this action, but in the hands of some third party, an allegation that the property was restored to such party some two months after the seizure is immaterial, and proof of such fact upon the trial will not discharge the Defendants from liability.

Where the amount of damages is in issue, and the referee has directed judgment for the return of the property, and a certain amount of damages, having omitted to find in terms that the Plaintiff was entitled to such damages, but has found facts upon which the law implies damages, it devolves upon the Plaintiff in Error to shew that the amount of damages for which judgment has been entered is erroneous. In such case, the judgment will not be reversed on writ of error, for the mere omission of the referee to state in terms, that he finds the Plaintiff entitled to the amount of damages for which judgment has been directed.

## Points and Authorities of Appellant.

I. The referee erred in finding, as a conclusion of law, that the taking was wrongful, even though he were correct in finding the keeping after the demand for delivery was wrongful.

It has long been customary to distinguish between the acts of an officer performed under process of Court, and in perfect good faith, and with an honest desire to do his duty, even though he may happen to make a mistake and commit a wrong, from the acts of a simple wrongdoer; and the distinction is founded in reason and in sound policy, and is absolutely necessary to prevent the working of actual injustice—of a substantial wrong under the forms of redressing what is merely a technical wrong.

It would obviously be the plain duty of the officer, in the case just supposed, to levy the process, and if it were his duty so to do, he could not and ought not certainly to be held as a wrongdoer in the premises. 1 *Chitty's Pleadings, pp.* 130, 171; 1 *T. R.*, 480 ; 1 *Barrow*, 20; 12 *Cal.*, 73; 6 *Cal.*, 512; *Ibid*, 43; also, *Chap.* 41, *Session Laws* 1862; 7 *Mass.*, 123; *Crocker on Sheriffs, sec.* 426.

II. But even assuming that the delay of the Sheriff to release his levy was unreasonable, and that his keeping of the property was to that extent wrongful, yet, inasmuch as he did in fact release and restore the property, the Sheriff could at most only be held liable to Arnold for the damages actually sustained by him by reason of this detention. Hence, even in that view of the case, the referee erred in directing judgment for anything more than the damages found for the detention.

III. But, as has already been shown, it is not consonant with either the policy or the reason of the law that a public officer, acting in obedience to process of a court, in good faith and with reasonable diligence, prudence, knowledge and skill, should be deemed a wrongdoer ; though doubtless it is necessary that he should be held responsible for his errors and mistakes to parties who are thereby actually injured. The measure of such responsibility, however, is the restoration, as near as practicable, of the *status quo* ; which, in case of the seizure of property, is accomplished by the release and restoration of the property seized, or when this is. not practicable, by the payment of its value. *Pacific Insurance vs. Conrad,* 1 *Baldwin, C. C. R., p.* 38.

IV. The referee erred in finding that the release and restoration of the property did not discharge the Sheriff and his deputy from liability in the premises.

V. For the same reasons the referee erred in directing the judgment to be entered against the Plaintiffs in Error for the return of the property, or in default thereof, for its value.

VI. The referee also erred in directing judgment for $201 90 damages for the detention of the property; not only for the reason already stated above, that there was no wrongful detention, but for this further reason, viz. : that said referee has

Caldwell et als. v. Arnold.

nowhere found as a conclusion of fact or of law, that said damages were sustained by reason of the detention of the property, nor has he found what damages, nor that any damages were sustained by reason of the detention of the property. There is, therefore, no basis for the judgment in this respect. *Comp. Stat.*, sec. 38, *p.* 561 ; sec. 41, *p.* 562; sec. 54, *p.* 564; secs. 70-1, *p.* 566.

Lorenzo Allis, Counsel for Plaintiffs in Error.

Smith & Gilman, Counsel for Defendant in Error.

*By the Court*—Atwater, J.—This was an action of replevin brought by Defendant in Error, to recover certain personal property alleged to have been wrongfully and unjustly taken and detained by the Defendants, the Plaintiff being the owner and entitled to the immediate possession of the same. The complaint demanded a return of the property and damages to the amount of five hundred dollars.

The answer denied the material allegations of the complaint, and also justified the taking, as Sheriff and Deputy Sheriff of Ramsey county, under a writ of attachment in favor of E. S. Sloan, (one of the Defendants) against one Bensberg, alleging that the property belonged to him. It also alleges that on the 18th day of July, 1859, (more than two months subsequent to the taking,) the Deputy Sheriff released the property from the attachment, and restored the same to the parties in whose custody and possession he found the same when he levied upon it, and notified said parties of such release, and afterwards did not have the property in his possession.

The case was referred to James Gilfillan, Esq., who found title to the property in the Plaintiff at the time of seizure by Defendants, and found the value thereof $923.85, and damages for the detention to the amount of $201.90, and directed judgment for a return of the property, or in default thereof, the value of the same, and damages. From the judgment entered upon this report, the Defendants sue out writ of error. The writ only brings up the pleadings and report, no exceptions having been taken upon the trial or to the report.

The Referee found, as a conclusion of law, that the taking by the Defendants was wrongful, and the Plaintiffs in Error claim that this finding of the Referee was erroneous, and not justified by the facts. The Referee finds that the Plaintiff was the owner, and entitled to the exclusive possession of the property. The claim of the Plaintiff in Error, therefore, presents the simple question as to whether an officer, with a writ of attachment against A, levying upon the property of B, is, in the eye of the law, a wrong doer.

If there is any principle of law which may be considered as entirely settled by a long series of uniform decisions, in the courts both at home and abroad, it is, that he who, whether an officer of the law, or otherwise, takes the property of another, without authority, is a wrong doer, and the taking is termed wrongful. The principle has its foundation in the very instincts of our nature, and like an axiom, the bare statement of the proposition carries its own proof with it, and scarcely admits of being made plainer by any amount of reasoning. The only approach toward any innovation upon the rule, so far as we are aware, by the courts of this country, is the case of *Freeman vs. Howe*, 24 *How.*, *U. S. R.*, in which it was held, that in an action of replevin in the State Court, a plea that the Defendant took the property as U. S. Marshal, by virtue of process issuing out of the United States Court, should, if admitted, constitute a good defence in that action. But that decision falls far short of sustaining the position here assumed by the Plaintiff in Error. Though, if we correctly understand the argument of counsel, it is rather to prove that the law ought to be in accordance with his view, than that such is now the settled law. He urges that " as the sheriff made this levy entirely upon his own motion, and not at all at the instance or suggestion of the Plaintiff in the writ or his attorney, we must presume that he did so in good faith, moved solely by his sense of official duty, and upon the best and fullest knowledge and information obtainable as to the ownership of the property ; and that he fully and honestly believed, and had good reason to believe, that the property was the property of the Defendant in the writ, and that accordingly he was in duty bound to levy upon it." But the law has wisely

not left the rights of property, and the protection accorded thereto, to depend upon the mere belief or good faith of the officer holding process, nor has it seen fit to protect him from the consequences of his unauthorized and illegal acts. And whatever inconveniences or even hardships may result, either to officers or creditors, from the rule of law which now obtains on this subject, we are satisfied that far greater would occur from the adoption of the principle contended for by the counsel for the Plaintiff in Error. The sheriff in levying process, must do so at his own risk, or that of the Plaintiff in the writ, and if he seizes property not authorized by his process, cannot upon any rule of law, justice, or common sense, be regarded other than as a trespasser, and subject to all the liabilities imposed by law upon such acts, by whomsoever committed.

We have not had access to the California cases cited, and are therefore unable to say what rule the courts of that State have adopted upon this question, nor upon what grounds their decisions may be based. Suffice it to say, however, that if their holding is in accordance with the view entertained by the counsel for the Plaintiffs in Error, it does not commend itself to our judgment of law, either as it is or should be ; and we must decline adopting such rule, until sanctioned by greater weight of authority, or the legislature has enacted some provision touching the liability of officers levying process, different from any now existing upon the statute books. *Chap.* 41, *Sess. Laws*, 1862, cannot be construed, even by inference, as showing the intent of the legislature to exonerate the sheriff from the liabilities of a trespasser, where he levies upon property not belonging to the Defendant in the writ, but relieves the officer from making the levy in doubtful cases, unless indemnified by the creditor,—from which it may reasonably be inferred that it was the intention to hold him to the full measure of responsibility. This act it would seem affords the officer all the protection necessary, and, so far as he is concerned, he does not now stand in need of the protection here asked of the Court. The case of *Bond vs. Ward*, 7 *Mass.*, 123, also holds, that where a sheriff has reason to doubt whether goods are the property of a debtor, he may insist on the

creditor's showing them to him, and also on being indemnified for any mistake he may make in conforming to the creditor's direction, either in attaching such goods, or in seizing them upon execution. There is nothing certainly in this which, even by implication, can be construed as exempting the sheriff from liability as a wrong doer, for an unauthorized seizure of property. *Crocker on Sheriffs, sec.* 426, holds no different doctrine, but while stating that the duties of sheriffs are in many cases of a difficult and responsible nature, also holds that they must be held responsible for any excess of the exercise of their authority under their process. We are clearly satisfied that the Referee committed no error in holding the taking wrongful upon the facts stated in the report.

The second point of the Plaintiffs in Error must fall with the first, to wit, that the detention of the property by the sheriff under the writ, from the time Arnold asserted his claim to the property, to the time of the release of the levy by instructions of the attorney of the Plaintiff in the writ, was not wrongful. If the original taking was wrongful, the subsequent detention must necessarily have been so also.

It appears that the property taken by the Defendants was, at the time of the seizure, neither in the hands of the Plaintiff in this action, nor in those of the Defendant in the writ, but was taken from the actual possession of some third party, but from whom does not appear. The Referee has found that, on the 18th day of July, 1859, the Defendants released their levy upon the goods, and restored the same to the parties in whose custody and possession the same were when levied upon, and then notified said parties of said release from said attachment, and did not thereafter have the custody or possession of the same. That the sheriff did not notify the Plaintiff of such release, nor deliver said property into his possession, or into the possession of any party authorized to receive the same.

If the sheriff be held as a wrong doer, I cannot see that it makes any difference in regard to his liability whether he offered to restore the property or not, as the Plaintiff was not bound to receive it. But whether an offer to return, or an actual return of the property to the Plaintiff at the time named in the complaint, would have formed any defence or

partial defence to this action, it is unnecessary to inquire, since the Referee has found as a fact, that the sheriff neither notified the Plaintiff of his release of the levy, nor delivered the property into his possession, or into the possession of any party authorized to receive it.    The issue or rather the allegation made in the answer, that the sheriff returned the property to the parties from whom he took it, was immaterial. Even under the rule of damages, as claimed by the Plaintiffs in Error, to wit, that the injured party can only claim to be placed *in statu quo*, the Defendants do not show that they have placed the Plaintiff in that position, since they have not shown that the property was restored to him.    It is true that the Referee has found that the property was restored to the custody and possession of the parties from whom it was taken ; and it is urged by the counsel for the Plaintiffs in Error, that this was all Defendants could be legally required to do, and that the parties in whose custody and possession the property was at the time of the seizure, must have been the bailees, servants, or trustees of the Plaintiff, and that hence the restoration of the property to them, was a restoration to him. This, however, by no means follows, as the parties from whom the property was taken, might themselves have been wrongfully in possession of the same, and, at all events, the Referee finds that at the time the property was restored, those parties were not authorized to receive it.    Suppose the property was seized while being removed by a drayman from one point to another, can it be claimed that a restoration to the person having it in charge for that purpose, more than two months after the seizure, would be a delivery to the Plaintiff, and thus place him *in statu quo ?*   The position cannot be seriously maintained, and there was no error on the part of the Referee in finding, as a conclusion of law, that the Defendants were not discharged from their liability by releasing the property from the levy and returning it to the parties from whom it was taken.

It is further claimed that the Referee erred in directing judgment for $201.90 damages, for the reasons that there was no wrongful detention, and that the Referee has nowhere found, as a conclusion of fact or of law, that said damages

were sustained by reason of the detention of the property, nor has he found what damages, nor that any damages were sustained by reason of the detention of the property. The only inquiry which can be entertained by this Court upon the record brought up by this writ, is whether the judgment can be sustained upon the facts found by the Referee. It appears by an examination of the report that the Referee has omitted to find in terms, as a conclusion of fact or law, the amount of damages which the Plaintiff has sustained by reason of the detention of this property as required by statute. But he has found facts from which the law implies damages, to wit, the wrongful taking and detention of the property. In such case the Plaintiff is entitled to interest on the value of the goods from the time of seizure, as damages. Whether these damages were assessed upon the principle, we have no means of determining, but the direction in regard to the entry of judgment, shows that in fact he has found that the Plaintiff was entitled to damages, and as such is the judgment of law upon the facts stated, it devolves upon the Plaintiff in Error to show that the Referee has erred in his rule of damages, or has made a mistaken application of a correct rule. The error, if any, must be disclosed by the record, and the Court cannot intend the same. For aught that appears the Referee has correctly found the amount of damages, and I do not think the omission to state, in terms, that he finds the Plaintiff entitled to recover such an amount of damages, renders the judgment void, in view of all the facts disclosed by this record.

The judgment below is affirmed.