ROBERT E. McKINNEY *vs.* A. H. BODE.

June 20, 1884.

Ejectment — School-Land Certificate — Failure to Pay Interest on Unpaid Balance—Evidence.—An attack on the title of a purchaser of school land, upon the ground that the "certificate of purchase" issued to him by the commissioner of the state land-office has become void through failure to pay interest on an "unpaid balance" of the purchase-money, is not sustained by the fact that such interest has been paid by persons other than the purchaser, whether "claiming under" him, in the meaning of the statute, or not, so long as it appears that the state has received the money (paid by them) *on plaintiff's certificate, as interest,* and has failed to assert any forfeiture of such certificate.

Ejectment.  Defendant appeals from an order of the district court for Hennepin county, *Koon,* J., presiding, refusing a new trial, after a verdict for plaintiff under the direction of the court.

*R. B. Galusha* and *Benton & Roberts,* for appellant.

*D. A. Secombe,* for respondent.

BERRY, J.  By his complaint the plaintiff claims title to the land in controversy under a "certificate of purchase" of school land, duly

issued to him on November 7, 1872, by the commissioner of the state land-office, under Gen. St. 1878, *c.* 38, which he alleges has never become void by forfeiture or otherwise. The answer admits the issuance of the certificate, but alleges that it has become void through failure to pay the interest on the "unpaid balance" of the purchase price from 1874, down. Plaintiff's action is in the nature of ejectment, and defendant in no way connects himself with the title.

The substantial issue raised by the pleadings is whether the plaintiff's "certificate of purchase" has been forfeited by failure to pay interest. The facts of the case, as disclosed by the present record, are these: A "certificate of purchase" of the property in controversy, which was school land, was duly issued to the plaintiff, by the commissioner of the state land-office, on November 7, 1872. On December 17, 1872, plaintiff executed a sealed assignment of the certificate to Mary McKinney, his wife. This assignment was invalid under Gen. St. 1878, *c.* 69, § 4, as a contract between husband and wife relative to his real estate, or an interest therein, and therefore passed nothing to her. On November 15, 1882, the administrator of the estate of Mary McKinney executed a sealed assignment of the certificate to R. B. Angus. As appears by the official receipts, the interest on the "unpaid balance" of the purchase price of the land was seasonably paid to the state on the certificate in 1873, 1874, and 1875, by plaintiff; in 1876 to 1880, inclusive, by Mary McKinney; and on November 13, 1880, the "unpaid balance" itself was paid by R. B. Angus.

Upon the facts above stated, and the statute (Gen. St. 1878, *c.* 38, § 18,) making a "certificate of purchase" sufficient evidence of title to support an action for possession, a verdict was found for plaintiff, pursuant to the direction of the court. The defendant says that the direction was wrong, because, under Gen. St. 1878, *c.* 38, §§ 7, 9, interest upon any "unpaid balance" of the purchase price of school lands must be paid annually "by the purchaser, or by any other person claiming under him," and that if the interest is not so paid, the certificate shall be "utterly void." But the facts before stated show that the interest has *in fact* been seasonably paid to the proper officer and representative of the state, and that the money has thus been re-

ceived by the state as interest. The state has asserted no forfeiture, and as the matter of interest is exclusively one between the state and the party from whom interest is due, so long as the state asserts none, no other person can. It follows that the fact that the payments of interest were made by persons other than plaintiff, whether "*claiming under*" him or not, in the meaning of the statute, is unimportant so long as the state received the money on the plaintiff's certificate as interest, and failed to assert any forfeiture. The direction to the jury and the verdict were therefore right.

The exclusion of the patent issued to Angus was not error. So far from showing that the plaintiff's certificate was *forfeited*, it purported upon its face to be issued *upon* that certificate; and, besides, neither in his pleading or proof does the defendant in any way connect himself with any title claimed by Angus.

Order affirmed.