Owen, J.
1. The first alleged error relied upon as ground of reversal of the judgment below, is that the writing sued upon was unauthorized ; that it was the duty of the sheriff to require an undertaking in replevin payable .to Poore, the defendant in the replevin suit, before delivering the property to Gormley, and that public policy did not sanction his demanding or taking indemnity against the consequences of acts not authorized by law.
The ease of Purple v. Purple, 5 Pick. 226, where it was held that: “A replevin bond made to the replevying officer instead of the defendant in replevin is void,” is relied upon to support the position contended for. In that case, the replevin was of goods in the hands of an attaching officer. The decision is put upon the ground that: “ It stands as a bond given to one who has no lawful authority to take it, and the *512 ■purpose and effect of it was to aid and abet a trespass upon the attaching officer; it is therefore illegal and void.” Without discussing the soundness of that decision, or inquiring how far it is sustained by subsequent holdings, it is sufficient for our purpose to say it is apparent that it is not decisive of the case at bar.
In the present case the writing sued upon is, neither in form nor effect, a replevin bond. It is a bond of indemnity intended by its.terms to hold the sheriff harmless from the consequences of the “seizure and detention” of the goods of Poore, the defendant in replevin.
Was such a bond authorized ?
One of the recitals of it is. that: “ said goods and chattels are claimed by persons other than the said J. H. Poore.” As against the obligors of this bond, this recital will be taken as true. Shoyer v. Richmond, 16 Ohio St. 455; Cutler v. Dickinson, 8 Pick. 386; Cox v. Thomas, 9 Grattan, 312; Bursley v. Hamilton, 15 Pick. 40; Bigelow on Estoppel, 308. ■
While the sheriff supposed this writing to be in effect a replevin bond* yet as no ground was laid in the court below for its reformation, we must regard the 'parties as standing upon its terms, and the only importance to be ascribed to,the sheriff’s supposition regarding the bond is, that he stands excused of all bad faith or culpable conduct or neglect in the discharge of his duties.
As the title to the property affected by the replevin was in question, and as the officer’s writ did not protect him from liability as a trespasser in seizing and delivering to Gormley the property of a third person not named in his writ, the taking of indemnity by him was not only in accord with public policy but was a proceeding upon which the law looked with favor. State v. Jennings, 14 Ohio St. 78; Moulton v. Jose, 25 Maine, 76-81; Colt v. Eves, 12 Conn. 261; Caldwell v. Arnold, 8 Minn. 265; Wells on Replevin, § 294. The sheriff, in taking this bond, was guilty of no act of malfeasance or misfeasance, nor was it taken to indemnify him for doing any unlawful act, but was taken under an honest mistake, sup *513 posing it was a replevin bond; therefore no principle of public policy was infringed.
The seizure of the goods by the sheriff was lawful.
Upon the faith of this bond they were delivered to Gormley, the principal obligor. It is difficult to see upon what principle of public policy or of fair dealing Gormley or his sureties may now question the integrity of the transaction or the validity of the bond.
Whatever ground of complaint Poore, the defendant in replevin, may urge against the delivery of the goods .to Gormley without a replevin bond, the latter ought not (nor ought his sureties) to be heard to say that the goods were improvidently or unlawfully delivered to him.
The court below did not err in treating this bond as a valid and legal obligation.
2. The second alleged error relied upon is, that there was no breach of the conditions of the bond. That there was no condition in the bond against turning over the property to Gormley, and that whatever the latter’s liability may be, his sureties cannot be held beyond the very terms of their bond.
It was stipulated by the parties below in the present case, that the papers in the case of Long & Rath against the sheriff and his official sureties had become lost, “ and that the sole ground upon which said action was founded was the failure of the plaintiff in this action, as sheriff, to take a replevin bond in the said case of Gormley v. Poore."
By this we are to understand that the neglect to take such replevin bond was the one breach of the sheriff’s official bond relied upon.
But we are to consider this stipulation in the light of the facts of the whole case. The rights of Poore were fixed. in the replevin suit. The property taken was adjudged to have been his. His damages were fixed and adjudged to him in the value of the property and his costs of suit.
The loss which Poore sustained resulted from the seizure of his goods, their delivery to Gormley, and the failure of the remedy he would otherwise have had by an action upon a re- *514 plevin bond payable to himself, in lieu of which this bond of indemnity was taken.
Looking to this instrument we find it conditional that:— “ if the said L. A. Gormley shall pay, or cause to be paid, to the said I. Bolenbaugh, sheriff, the full amount of any judgment, or judgment and costs, which may hereafter be recovered against the said I. Bolenbaugh sheriff, ly any person or persons, in any court having jurisdiction thereof, for damages sustained by reason of the seizure and detention of said goods and chattels, or by reason of the detention thereof . . . then the obligation to be void, otherwise to be in full force and virtue in law.”
This condition is certainly broad enough to protect the sheriff against the loss sustained by him in the recovery of the judgment by Poore’s assignees.
Neither bad faith nor culpable neglect of duty, can be imputed to him. The bond, as we have seen, was a valid obligation. As one of the fruits of it, Gormley, by the act of the sheriff, became possessed of Poore’s property. The sheriff has been called upon to answer for the loss which Poore thereby sustained. It would be palpably inequitable to permit Gormley to enjoy the fruits of this transaction without a resulting liability upon the instrument, whereby he plainly undertook to answer for the very loss which has resulted to his obligee.
3. The third alleged error is that the court rendered judgment for the full amount of the recovery against the sheriff in the action upon his bond, whereas, ho had paid upon it but the sum of $234.
The condition of the bond is that Gormley “shall pay or cause to be paid, to the said I. Bolenbaugh, sheriff,-the full amount of any judgment or judgment and costs, which may hereafter be recovered against the said I. Bolenbaugh, sheriff,” etc.
The agreement was not simply to indemnify the sheriff against 'loss, by reason of the judgment, but to pay it. The measure of recovery is not, in such case, the amount paid upon the judgment recovered, but the amount of the judgment, *515 and actual payment by tbe party indemnified is not necessary to a recovery by him of the amount of the judgment.
The failure to pay the judgment according to the undertaking of the indemnity bond, fixes and determines the measure of the liability of the obligor. Wilson v. Stilwell, 9 Ohio St. 467; Webb v. Pond, 19 Wend. 423; Conkey v. Hopkins, 17 Johns, 113; Kirskey v. Friend. 48 Ala. 276.

Judgment affirmed.