NEIL CONNELLY *vs.* JAMES SHERIDAN.

June 4, 1889.

Statute Abolishing Resulting Trusts—Exceptions.—Gen. St. 1878, c. 43, § 7, must be construed as abolishing all trusts in land paid for by one person, where the conveyance is to another absolutely, whether for the benefit of the person paying the money or for some other person, excepting in cases where the conveyance is so taken without the knowledge or consent of the person whose money has been used, or where the alienee, in violation of some trust, has purchased the land so conveyed with moneys belonging to another person, and excepting, also, the trust in favor of creditors.

Appeal by defendant from a judgment of the district court for Dakota county, where the action was tried by *Crosby*, J., without a jury.

*John D. O'Brien*, for appellant.

*Stringer & Seymour*, for respondent.

COLLINS, J. This is an action of ejectment. The appellant contends that the findings of fact do not justify the conclusion of law. These facts appear as follows: On November 7, 1873, the tract of land in dispute was conveyed by its then owner to one Rose Sheridan, in consideration of the sum of $400, which sum was wholly paid by the defendant, James Sheridan. The conveyance was so made upon a verbal agreement between said Rose and said James that the former should hold the title to said land in trust for her minor son, Henry Sheridan, and for his use and benefit; that said Henry had no knowledge of said agreement until some time after the aforesaid conveyance; that within two years thereafter said James Sheridan entered into possession of the premises, has continued such possession, has improved and cultivated the land for the use and benefit of the minor, Henry, and was his tenant at the time of the commencement of this action; that in the month of November, 1887, said Rose Sheridan, by deed, conveyed the same to this plaintiff.

The rule of common law has been radically changed by the statute relating to uses and trusts. Gen. St. 1878, c. 43, § 7, declares that whenever a grant for a valuable consideration is made to one person, another paying the consideration, no use or trust can result in favor of the person by whom the payment is made, but that the title shall vest in the person named as the alienee in the conveyance, subject only to the provisions of section 8, which are of no significance here. Section 9 also qualifies section 7, by providing that the latter shall not obtain in cases where the alienee has taken an absolute conveyance in his own name, without the knowledge or consent of the person paying the consideration. In *Randall* v. *Constans*, 33 Minn. 329, (23 N. W. Rep. 530,) this court expressly repudiated a *dictum* in the principal opinion in *Siemon* v. *Schurck*, 29 N. Y. 598,—the statute of New York being the same as our own,—to the effect that where the consideration is paid by one person, and an absolute deed

taken in the name of another, a trust in the nature of a resulting trust may be created by parol for the benefit of a third person. The court said, further, that such trusts are not permitted under our statute. To adopt the view urged by appellant's counsel, that the intended beneficiary "substantially" furnished the consideration for the conveyance to his mother, and hence, because it was taken in her name absolutely, without his knowledge or consent, the case comes within the provisions of. the ninth section, would be to ignore the facts, and to evade a statute the purpose of which is to prevent parties from asserting equitable interests in lands, resting solely upon parol evidence, in direct conflict with written instruments made under their direction or by their consent. The section under consideration must be construed as abolishing all trusts in lands paid for by one person, where the conveyance is to another absolutely, whether for the benefit of the person paying the money, or for some other person, excepting in cases where the conveyance is so taken without the knowledge or consent of the person whose money has been so used, or where the alienee, in violation of some trust, has purchased the land so conveyed with moneys belonging to another person; and excepting, also, the trust in favor of creditors.

Judgment affirmed.