OLE J. HAAVEN v. BRITH HOAAS.[1]

February 16, 1895.

No. 9045.

| 60 | 313 |
| 81 | 331 |
| 81 | 332 |

**G. S. 1894, § 4280—Certificate of School-Land Sale.**

*Held*, that a certificate of sale of school land, made by the commissioner of the state land office, pursuant to G. S. 1894, § 3967, is a "conveyance," within the meaning of G. S. 1894, § 4280, prohibiting resulting trusts.

**Same—Resulting Trust.**

Certain school land, without the knowledge of the appellant, was sold to her, and the usual certificate of sale made and issued by the commissioner, in which she was named as grantee. Such sale was so made to her, at the request of the respondent, and he paid the consideration for such certificate of sale. *Held*, that no trust resulted in the respondent's favor, and that the appellant is the owner of all the right and title in and to the land conveyed by the state in and by such certificate.

Appeal from a judgment of the district court for Polk county, entered in favor of plaintiff, pursuant to findings of Ives, J. Reversed.

*Halvor Steenerson*, for appellant.

*A. Ueland*, for respondent.

START, C. J. The short facts in this case are that at a public sale of state school lands held in the county of Polk on May 10, 1888, the land in controversy in this action was sold to a third party, Ole Lee. Thereupon the plaintiff represented to such purchaser that he wanted to purchase the land for his sister, the defendant, who was a poor widow with four children, and requested him to permit her name to be substituted for his as such purchaser, to which he assented, and it was done. The plaintiff made the payment of 15 per cent. of the purchase price, and interest in advance on the balance thereof. Thereafter, and on July 27, 1888, the commissioner of the state land office executed, in the usual form and terms, a certificate of sale, pursuant to such purchase, wherein the defendant's name was inserted as the purchaser and grantee of said land. This

[1] Reported in 62 N. W. 110.

certificate came to the hands of the plaintiff, probably by due course of mail (his evidence on this point is not definite), and he has ever since retained it. He went into possession of the premises, built a house thereon, and otherwise improved them. He also paid the interest to the state on the balance unpaid of the purchase price to June 1, 1893, and the taxes to 1892, except for one year. The defendant had no knowledge of such purchase and certificate prior to June, 1890, when the plaintiff informed her of them, and requested that she should transfer the same to him, which she refused to do. It is claimed by plaintiff that his representations to Lee were untrue; that he did not intend to purchase the land for the defendant; but that he made them to induce Lee to surrender his purchase, so that he could secure the land for himself. in the name of the defendant. Therefore he brought this action to have it adjudged that he, and not the defendant, was the owner of all the right and title in and to the land growing out of such purchase and certificate. It was so adjudged by the trial court, from which judgment the defendant appealed.

Where land is conveyed to one, for a consideration paid by another, no trust can arise in favor of the person paying the consideration, unless the conveyance is made to the grantee without the consent of the party paying the consideration. G. S. 1894, § 4280; Wentworth v. Wentworth, 2 Minn. 238 (277); Johnson v. Johnson, 16 Minn. 462 (512); Connelly v. Sheridan, 41 Minn. 18, 42 N. W. 595. The statute is imperative, and abolishes all resulting trusts, as applied to real estate, and vests the title in the person named in the conveyance as grantee. It is not claimed in this case that there was any fraud or wrong on the part of the defendant in procuring a sale of the premises to herself, as she knew nothing of it until long after it was made and the certificate issued. The only question necessary to be decided, in this case, is whether or not a certificate of sale, executed by the commissioner of the state land office, upon a sale of school land, pursuant to G. S. 1894, § 3967, is a "conveyance," within the meaning of the statute prohibiting uses and trusts. If it is, the plaintiff is not entitled to any relief in this action. It is claimed by respondent that it is not, for the reason that the word "conveyance" in this statute must be strictly construed, and that it is only where the complete legal title is conveyed to one person, and

the consideration is paid by another, that a resulting trust in favor of the latter is abolished. The argument in support of this proposition is technical, and, if pushed to its logical conclusion, would defeat his claim; for technically a resulting trust in real estate, if not prohibited by the statute, can only arise, in favor of the party paying the consideration, upon an actual conveyance of the land to a third party, and not upon an executory contract for such conveyance. Johnson v. Krassin, 25 Minn. 117. This, however, is too narrow a view of the case at bar, and we base our decision upon the broad ground that the certificate of sale is a "conveyance" within the meaning of the word as used in the statute abolishing trusts.

Many courts have construed similar statutes strictly, in order to work out what was believed to be substantial justice; but our statute is a remedial one, and must be so construed as to correct the mischief it was intended to remedy. It was intended to cut up the old system of resulting trusts, root and branch, which enabled parties to conceal and keep from their creditors their interests in lands, by placing the title thereto in the names of third parties. The intention of the statute is to defeat such fraudulent practices by making the grantee in such conveyances the owner of the property conveyed. Sumner v. Sawtelle, 8 Minn. 272 (309). Any construction of the statute which would permit a party to invest a fortune in the school lands of the state, take the certificates of sale in the name of a third party, pay all of the purchase price of the lands except the last instalments thereof, and hold the lands in the name of such third party for 30 years (the time limit of the certificate), and thereby prevent his creditors from subjecting the lands to the payment of his debts, would defeat the purpose of the statute, and foster the mischief and fraud it was intended to prevent. It is not necessary, in order to avoid this result, to resort to any forced construction of the statute. Section 4280 must be read in connection with the other sections thereof, particularly section 4276, which provides that every person who, by virtue of any grant or assignment, is entitled to the actual possession of lands, and the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein. Now, the owner of a certificate of sale of school land is entitled to the possession of the land, and the receipt of its rents and profits. He may maintain ejectment for its

possession, and it is subject to the homestead rights of himself and family.    If he dies, it goes to his heirs.    He cannot convey it directly to his wife.    In this respect it is as if he owned the fee. In short, he has a legal estate therein, and practically owns the land against all the world except the state.    Wilder v. Haughey, 21 Minn. 101; McKinney v. Bode, 32 Minn. 228, 20 N. W. 94. The instrument by which such a legal estate in land is granted and held is a "conveyance," as the word is used in G. S. 1894, § 4280. It may be defined, in this sense, as any instrument in writing by which any estate or interest in land is aliened, transferred, or assigned.    When the commissioner executed and forwarded the certificate of sale to the respondent, the presumption is, in the absence of any evidence to the contrary, that he intended it for the person named therein as grantee.    The distinction between this case and Newell v. Cochran, 41 Minn. 374, 43 N. W. 84, where the deed was delivered to the equitable owner of the land, is apparent.

Judgment reversed.