EDWARD ANDERSON v. EMMA ANDERSON.[1]

November 13, 1900.

Nos. 12,332—(186).

**Statute of Uses—Resulting Trust—Part Performance.**

The provisions of G. S. 1894, § 4280, cannot be avoided by an oral agree-
ment entered into by and between the person paying the money consider-
ation for the grant and another person named as alienee in the convey-
ance, that the latter will convey the real property in question to the
former if he pays all taxes upon the same, and also pays to a third party
a sum of money borrowed for the purpose of paying the original purchase
price of the land, and for which defendant, upon plaintiff's solicitation,
gave her promissory note secured by a mortgage upon the property. To
enforce such an agreement would be a palpable evasion and abolishment
of the statute, notwithstanding the fact that plaintiff has been in posses-
sion of the land in accordance with the agreement, and has made sub-
stantial improvements relying thereon.

Action in the district court for Polk county to compel a convey-
ance of land. The case was tried before Watts, J., who found in
favor of plaintiff. From an order denying a motion for a new trial,
defendant appealed. Reversed.

*H. Steenerson* and *Charles Loring*, for appellant.

*A. A. Miller* and *L. E. Gossman*, for respondent.

A verbal contract for the sale of land, if partly performed by the
party seeking the remedy, may be specifically enforced by courts of
equity notwithstanding the statute of frauds. 3 Pomeroy, Eq. Jur.
§ 1409; Lipp v. Hunt, 25 Neb. 91; Mournin v. Trainor, 63 Minn. 230;
Brown v. Hoag, 35 Minn. 373, 375. The ground upon which this
remedy in such cases rests is that of equitable fraud. It would be
fraud for the defendant after permitting acts of part-performance
to interpose the statute in bar of plaintiff's remedial rights. The
important acts that constitute part-performance of an oral contract
sufficient to take it out of the statute of frauds are actual open
possession of the land, or permanent and valuable improvements

[1] Reported in 84 N. W. 112.

made on the land, or both. 3 Pomeroy, Eq. Jur. § 1409; Gill v. Newell, 13 Minn. 430 (462); Pfiffner v. Stillwater & St. P. R. Co., 23 Minn. 343; Place v. Johnson, 20 Minn. 198 (219); Slingerland v. Slingerland, 39 Minn. 197; Mournin v. Trainor, supra; Carey-Lombard L. Co. v. Bierbauer, 76 Minn. 434.

COLLINS, J.

The facts in this case may be thus stated: In 1887 plaintiff purchased the eighty acres of land in controversy from a railway company, taking the usual contract, the conveyance to be executed to him upon full payment of the purchase price. In 1895 there was due upon this contract the sum of $500, and this sum plaintiff wished to pay, but to do so was obliged to borrow money. There was a money judgment against him, and, upon discovering this, a broker, who was negotiating the loan, suggested that this defendant, then plaintiff's sister-in-law, borrow the money, giving her own note secured by a mortgage upon the eighty acres, and that the plaintiff cause the railway company to convey the land direct to such defendant. This arrangement was made. The plaintiff paid over the money, which had been borrowed, to the railway company, and at his request the deed of conveyance was made to defendant. The plaintiff was then, and for several years had been, in possession of said land, cultivating a part of it. He thereafter continued in possession, caused about forty acres to be broken, has built two small granaries, and still has possession. At the time the money was borrowed and the arrangement made to have the land deeded to defendant, it was orally agreed between the parties that plaintiff should remain in possession; that he should pay all taxes, and also the amount due upon defendant's note, secured by mortgage on the land; and that, if he made these payments, defendant would then convey the land to him. This action was brought to compel such conveyance.

It stands admitted by counsel for the respondent that G. S. 1894, § 4280, applies in this case, and that a conveyance cannot be compelled, unless the oral agreement is enforceable, as would be an oral contract to convey real property where there has been part performance sufficient to take the case out of the operation of the statute

of frauds. In other words, counsel take the position that simply because there was an oral agreement on defendant's part to convey to plaintiff, which agreement was always inferred at common law where the consideration for a grant of land was paid by one person and the lands conveyed to another, the plain provisions of the statute can be avoided, and the system of resulting trusts again incorporated into the law of this state. The statute (section 4280) is perfectly plain, and has been considered in this court a number of times. The provision is:

"When a grant for a valuable consideration is made to one person, and the consideration therefor is paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of" a section which follows, for the benefit of the creditors of the person paying the consideration.

We have repeatedly held that by the enactment of this section it was the intent of the legislature to absolutely abolish the whole system of resulting trusts as it existed at common law. It was said in Sumner v. Sawtelle, 8 Minn. 272 (309), that it was the intention to vest the entire interest in the premises conveyed, under the conditions named, in the alienee, so that the person paying the consideration should have no estate whatever, legal or equitable, in the premises, leaving the alienee sole owner of the premises, with the right to the entire control of same, subject only to the claims of creditors under certain circumstances. It was further said that the person paying the consideration could not be heard in any court of law or equity, claiming its aid to enforce or protect any pretended rights in the premises, of whatsoever nature they might be, and that every agreement which existed between the parties, whereby one should have the legal title and the other enjoy the use and possession, was void. The same ideas have been expressed since in a number of cases; the leading ones being Connelly v. Sheridan, 41 Minn. 18, 42 N. W. 595; Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110.

These are directly in point, and dispose of the plaintiff's contention that he is entitled to a conveyance because of the oral agree-

ment which he contends has been partly performed. This agreement, at most, amounted to nothing more than a verbal declaration of a trust, and it stands conceded that such a declaration could not be enforced. The statute forbids it, and there are no exceptions to its plain language that, except as to creditors, no trust shall result where one person pays the consideration, and another is named as grantee in a conveyance of real property. The statutory rule is a harsh one in many cases, and this seems to be of that character. So was that of Haaven v. Hoaas, supra; but the object of the statute is to prevent an evil existing prior to its enactment, namely, the holding of large properties in the name of a third party, whereby the real owner was enabled to avoid the payment of his just debts. Its office and effect is to prevent such fraudulent practices. It precludes parties from asserting title, resting in parol evidence, to land, in opposition to written instruments of title which have been made at their solicitation and with their approval.

The plaintiff in this action paid the entire money consideration for the land, and at his request, and with defendant's knowledge, she was named as grantee in the conveyance, and the oral agreement was a part of the same transaction. It is wholly immaterial what caused the parties to pursue this course of conduct, and it is equally immaterial that an oral agreement to convey was entered into. To enforce it would be a palpable evasion and abolishment of the statute in question. In addition to the cases heretofore cited, attention is called to Tatge v. Tatge, 34 Minn. 272, 25 N. W. 596, 26 N. W. 121; Luse v. Reed, 63 Minn. 5, 65 N. W. 91; Chapman v. Chapman (on rehearing) 114 Mich. 144, 147, 65 N. W. 215, 72 N. W. 131, and cases cited.

The order appealed from is reversed, and the case remanded, with instructions to the court below to cause judgment to be entered in defendant's favor upon the findings as heretofore made, but no statutory costs are to be taxed in this court.