## OLE JOHNSON KAATERUD v. G. GILBERTSON and Another.[1]

October 20, 1905.

Nos. 14,582—(61).

**Specific Performance.**

　　In an action to enforce the specific performance of an oral contract to convey an interest in land, *held*, that the judgment in a former action pleaded in the answer herein is not a bar to this action, and that the facts found by the trial court are sustained by the evidence.

Appeal by defendant G. Gilbertson from an order of the district court for Norman county, Grindeland, J., denying a motion for a new trial, after a trial and findings in favor of plaintiff. Affirmed.

*A. G. Gray,* for appellant.

*M. A. Brattland, Ole J. Vaule* and *Wm. P. Murphy,* for respondent.

START, C. J.

This action was brought to enforce the specific performance of an alleged oral contract whereby the defendant G. Gilbertson, hereafter referred to as the defendant, agreed to convey certain land in the

[1] Reported in 104 N. W. 763.

county of Norman to the plaintiff. The cause was tried by the court without a jury, and findings of fact in favor of the plaintiff made, and judgment ordered in his favor for the relief demanded in the complaint, and the defendant appealed.

The important question here to be determined is whether this action is barred by a judgment between the same parties in a former action. The allegations of the complaint in this action are to the effect following: That in June, 1897, the defendant purchased the land from the Northern Pacific Railway Company under an executory contract for a deed upon the payment of the purchase price of the land; that he entered into an oral contract with the plaintiff whereby he agreed to convey his interest in the land to the plaintiff upon being paid such sums as the defendant paid to the railway company therefor; that the plaintiff by the contract agreed to purchase the land on the terms stated, enter into possession thereof, and cultivate the same; that under and by virtue of the contract the plaintiff went into possession of the land, cultivated it, and made valuable improvements thereon; and, further, that he has performed or offered to perform on his part all of the terms of the contract, but the defendant has refused to convey to the plaintiff his interest in the land.

The answer denied the allegations of the complaint, and alleged that the plaintiff brought a prior action against the defendant upon the same facts alleged in this action, and set out the pleadings, findings of fact, and judgment in that action. The complaint in the former action alleged in effect that the plaintiff himself purchased the land of the railway company and borrowed the money to make the first payment therefor from the defendant, which he agreed to repay, with interest, and that to secure the payment thereof the contract of the railway company for a conveyance of the land was by the agreement of the parties made to the defendant, to be held by him to secure the payment of money so borrowed. The relief prayed was that the amount due to the defendant be ascertained, and upon its payment into court for the defendant he be decreed to execute an assignment of the contract of the railway company to the plaintiff. The answer to the complaint in the former action was a general denial. A trial of that action resulted in a judgment for the defendant, which is still in force.

The reply in this action denied the allegations of the answer therein,

except that it admitted that there was a former action between the parties and that the pleadings and judgment were as therein stated. The trial court in this action found that the cause of action set forth and involved in the former action between the parties was not the same cause of action herein alleged.

The practical test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain the former and present action. West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Village of Wayzata v. Great Northern Ry. Co., 67 Minn. 385, 69 N. W. 1073; Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42. Applying this test, we find that the former action was in legal effect one to have the transaction therein alleged declared a mortgage and to redeem, while this action is one for the specific performance of an oral contract to convey an interest in the land. It is clear that the same evidence would not sustain both actions. Therefore the trial court rightly held that the judgment in the former action is not a bar to this one.

It is further claimed by the defendant that he was holding the land upon a trust for the plaintiff which was forbidden by G. S. 1894, § 4280, which provides that, when a grant of an interest in land for a valuable consideration is made to one person and the consideration therefor is paid by another, no trust results in favor of the person making the payment, but the title vests in the grantee. The case of Anderson v. Anderson, 81 Minn. 329, 84 N. W. 112, is cited in support of the proposition. The case is not in point; for in that case the consideration was paid by one person and the conveyance made to another, and it was held there was no resulting trust. In the case at bar the reverse is true; for the consideration was paid by the defendant and the transfer of the interest in the land made directly to him. The plaintiff is not claiming the land by virtue of any trust, resulting or otherwise, but by an oral contract for the purchase of the defendant's interests; the contract having been so far performed as to take it out of the statute of frauds. The claim is without merit. The findings of fact by the trial court are sustained by the evidence.

Order affirmed.