ELIZABETH A. NASH v. LEDIA D. KIRSCHOFF AND
ANOTHER.[1]

December 21, 1923.

No. 23,732.

**Passing of title by delivery of deeds.**
        Plaintiff's husband bought and paid for a lot, and at his request
the vendor executed a deed thereof to the husband's niece, one of the
defendants.  The deed was delivered to the husband.  Two months
thereafter, defendants executed a deed to the same property, the name
of the grantee being left blank, and delivered the same to the hus-
band.  Both deeds were in his safe when he died.  Neither had been
recorded.  It is *held:*
        (1)  Whether there is such delivery as to pass title from the
grantor to the grantee depends primarily upon the act and intention
of the grantor, and it is clear that, in the instant case, the grantor
by the delivery of the deed to the vendee, for the grantee, vested title
in such grantee.
        (2)  The deed executed by defendants being a nullity, the absolute
title remains in the grantee named in the first mentioned deed, and, by
virtue of section 6706, G. S. 1913, no trust could result in favor of
the husband or those claiming under him.
        (3)  Since no intent to defraud plaintiff of her marital rights in the
land was alleged, proved or found against the husband and the parties
to the deed, no relief could be granted plaintiff in this case, there
having been such a delivery as to pass title.

        Action in the district court for Hennepin county against defendant
Ledia and her husband to reform a deed by inserting the name of
Fred W. Nash as grantee.  The case was tried before Salmon, J.,
who when plaintiff rested denied defendants' motion to dismiss the
action, made findings and ordered judgment in favor of plaintiff.
From an order denying their motions for amended findings or a
new trial, defendants appealed.  Reversed.

        [1]Reported in 196 N. W. 488.

*Ernest Malmberg* and *Thomas Kneeland,* for appellants.
*William B. McIntyre,* for respondent.

HOLT, J.

Defendants appeal from an order denying their motion for amended findings or a new trial.

The action involves the title to about four acres of improved land near the city of Minneapolis, known as lot 2 of Yale Company's Garden Lots. Plaintiff claims to be in possession as the sole heir of her deceased husband, Fred W. Nash, whose homestead it was when he died.

The facts are in substance these: Fred W. Nash and plaintiff were married in 1891, lived together for about 17 years, and during the last three years thereof were partners in a small manufacturing business. In 1908 they settled up their business partnership, and divided certain property. The inference is that they had come to the parting of their ways, and from then on ceased to live as husband and wife. She went to Duluth where she resided until after his death, and he lived in Minneapolis until, in 1918, he took up his residence upon this land. About the time of the separation Mr. Nash purchased the land of William Asp, who owned it. A sister of Nash, Mrs. Record, and her husband took up their residence on the land in 1909 and lived thereon until after Nash himself made it his home in 1918. It is conceded that Mr. Nash furnished the $1,200 paid for the place, and, according to the allegations of the complaint, "at the request of the said Fred W. Nash said Wm. Asp and his wife, Hulda M. Asp, made and executed a warranty deed and delivered said deed to said Fred W. Nash in which said deed said Ledia D. Kirschoff was named as grantee, which deed bears date September 5, 1912." Ledia was the daughter of Mrs. Record. About two months thereafter, defendants executed a deed of the same land, leaving a blank for the insertion of the name of a grantee. These two deeds apparently remained in the possession of Mr. Nash, and after his death were found in his safe, when opened by the special administrator, also an abstract of title to the land and some tax receipts, all inclosed in an envelope

marked "Kirschoff." Neither deed had been recorded. Defendant Ledia Kirschoff took possession of the deeds, and caused the one from Asp and wife to herself to be recorded.

The above recited facts were found by the court. It was also found that there had been no delivery of the Asp deed; that Ledia Kirschoff wrongfully took possession of the same; that she had paid no part of the consideration for the land, nor any taxes thereon; and, as conclusions of law, that at the time of his death Fred W. Nash was the owner in fee of the land and in possession thereof, that plaintiff succeeded to his title and possession, and that defendants have no right, title or interest therein.

Many errors are assigned, but, as we see the legal propositions involved, the assignments that the evidence does not sustain the finding that there was no delivery of the Asp deed to defendant Ledia Kirschoff, and that the findings of fact do not warrant the conclusions of law, reach the merit of the controversy and necessitate a reversal of the order.

We do not think the pivotal finding of no delivery of the Asp deed is sustained by the record. Delivery of a deed is, in the main, the act of the grantor. There can be no question of the intent of Asp to pass title. He was paid the purchase price. He executed a proper deed to the person the purchaser requested, and delivered such deed to the purchaser. After that act no title remained in Asp. The allegations quoted from the complaint certainly constitute a delivery in law so as to divest the grantors Asp of title. Nash must be held to have accepted the deed in behalf of the grantee he named. The title was thus left in Ledia Kirschoff, for the deed executed by her and her husband two months afterwards is conceded to be a nullity.

The title taken in the name of Ledia Kirschoff upon a consideration paid by Fred W. Nash, vested absolute title in her by virtue of the statute, section 6706, G. S. 1913. No trust could result in favor of Nash or of any one claiming under him. There can be no possibility of aid to plaintiff under the exceptions named in section 6706, viz. sections 6707 and 6708. We are not able to differentiate the facts and legal consequences of this case from those

present in Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110. See also Anderson v. Anderson, 81 Minn. 329, 84 N. W. 112; Nelson v. Nelson, 149 Minn. 285, 183 N. W. 354.

Plaintiff relies on Newell v. Cochran, 41 Minn. 374, 43 N. W. 84, but that case involved an accounting of profits between three partners who had purchased a tract of land and taken the deed in the name of one. Before the land was sold and the profit realized, one of the partners procured a deed of one-third to his wife from the one who so held the title. This was not intended to sever or destroy the relations of the partners, but merely to establish the partner's interest in case of the grantor's death. The court said: "Holdridge procured the deed to be executed. He received it, and, so far as appears, never delivered it to his wife. In view of his own relation to the property and of the circumstances under which the deed was executed and placed in his hands, it was properly optional with him whether effect should be given to the deed by delivering it to his wife or not." There was a case where the grantor's intention as to the purpose of the deed was involved as well as that of the one who procured it. Here there can be no pretence that Asp had any intention other than to pass the absolute title by the deed. Nor is it reasonable to suppose that Mr. Nash upon receiving the deed ever thought there remained a vestige of title in Asp.

In Babbitt v. Bennett, 68 Minn. 260, 262, 71 N. W. 22, and Hooper v. Vanstrum, 92 Minn. 406, 100 N. W. 229, the question was whether there was a delivery by the grantor with an intent on his part to pass title. In the Babbitt case it was said: "Delivery is a question of fact, and is mainly and primarily one of the intention of the grantor. The delivery of a deed is complete only when the grantor has put it beyond his power to revoke or reclaim it." Surely Asp did so put it beyond his power to reclaim this deed. The evidence is undisputed that Ledia Kirschoff knew of this deed before and when she and her husband signed the deed to the same land and delivered it to Mr. Nash with the grantee's name in blank. In such a case it is difficult to maintain the proposition that she did not accept delivery of the Asp deed.

The only theory upon which plaintiff could proceed to attack the title which the deed of William Asp and wife vested in Ledia Kirschoff would be that it was in fraud of plaintiff's marital rights. Smith v. Wold, 125 Minn. 190, 145 N. W. 1067, and see note in Fahey v. Fahey, 18 L. R. A. (N. S.) 1147. But there was no pleading or finding of fraud on the part of the husband, and what was said in Amundson v. Hanson, 150 Minn. 287, 292, 185 N. W. 252, is applicable: "There may be circumstances under which a conveyance to a third party for a consideration paid by the husband will operate as such a fraud on the wife that a court of equity will interfere in her behalf, but no such circumstances are shown here, and the intervener's complaint makes no claim of that nature." The parties by written agreement divided their property. Therein some reference is made to some interest in this land. It may have been their intention that as to the property so divided and future acquisitions each was to hold free from any claims on the part of the other; or, in good faith and without design to defraud his wife, Nash may have intended this for a home for a needy sister, or as a gift to her daughter, the defendant Ledia; or, on the other hand, both deeds may have been a scheme to defraud plaintiff of her marital rights in the property, but, if so, there must be pleading, proof and findings of such fraud in order for plaintiff to obtain title. There was nothing of that sort in this action.

The order is reversed.