## ELIZABETH A. NASH v. LEDIA D. KIRSCHOFF AND ANOTHER.[1]

April 1, 1926.

No. 25,063.

**Deed inoperative when blank for grantee's name was never filled.**

1. The evidence sustains the finding that a deed of land purchased by the plaintiff's husband, now deceased, in the name of his niece, was delivered, and vested title in her. There was no resulting trust in the husband; and a deed executed by the niece, the name of the grantee blank, and never filled in, was inoperative.

**Evidence insufficient to establish fraud of wife's marital rights.**

2. The purchase of land by the husband in the name of another, does not give the wife marital rights therein; but a gift by a husband, or the taking of title in the name of another, may be in fraud of the marital rights of his wife. The evidence does not require a finding of fraud.

Deeds 18 C. J. p. 176 n. 50.
Dower 19 C. J. p. 482 n. 40.
Trusts 39 Cyc. p. 121 n. 20.

[1]Reported in 208 N. W. 193.

After the second appeal the case was tried before Guilford, J., who made findings for defendants. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*William B. McIntyre,* for appellant.

*Ernest Malmberg,* for respondents.

DIBELL, J.

Action by the plaintiff, Elizabeth A. Nash, to have it adjudged that the defendant Ledia D. Kirschoff holds in trust for her, as heir of her deceased husband, Fred W. Nash, certain real property in Minneapolis bought by him and taken in the name of Mrs. Kirschoff. There were findings for the defendants and the plaintiff appeals from the order denying her motion for a new trial.

The case has been here twice. 157 Minn. 418, 196 N. W. 488; 161 Minn. 409, 201 N. W. 617. On the first appeal it was held that the plaintiff did not establish a cause of action; and on the second one that upon the reversal in the first the case stood for a new trial on all the issues.

1. The important facts are stated in the opinion on the first appeal. and the case does not require a complete restatement of them. The plaintiff and her husband were married in 1891. They conducted in Minneapolis, as copartners, a small manufacturing business. In 1908 they settled their partnership affairs and ceased living together. The husband died in 1921. The plaintiff is his only heir.

In 1912 Nash purchased from one Asp for $1,200 the property in question. The deed was taken in the name of his niece Ledia D. Kirschoff, one of the defendants. It was never recorded. Mrs. Kirschoff executed a deed, with the name of the grantee blank. This deed and the deed from Asp to her were in the possession of Nash at the time of his death. The court found that there was an actual delivery to Mrs. Kirschoff. The evidence sustains the finding. The title passed to her. There was no resulting trust in favor of Nash because he paid the consideration. Nash v. Kirschoff, 157 Minn. 418, 196 N. W. 488. The deed executed by Mrs. Kirschoff, with the name of the grantee blank, the name of the grantee not having been inserted, was never operative. Werntz v. Bolen, 135 Minn. 449, 161 N. W. 155. Therefore the legal title remained in Mrs. Kirschoff.

2. After the case was remanded the plaintiff amended the complaint by alleging that the property was taken by Nash in the name of Mrs. Kirschoff in fraud of her marital rights. The purchase of property by a husband, and his taking the conveyance in the name of another, does not give the wife marital rights therein. Amundson v. Hanson, 150 Minn. 287, 185 N. W. 252. The gift by a husband, or the taking of title in the name of another, may be a fraud upon the marital rights of the wife. See Smith v. Wold, 125 Minn. 190, 145 N. W. 1067; Amundson v. Hanson, 150 Minn. 287, 185 N. W. 252.

The court finds against the plaintiff's claim of fraud. The parties had lived apart 13 years. The plaintiff was conducting her own affairs and Nash was attending to his. They were satisfied to have it this way. They had substantially no communication. She was his sole heir and received $1,900 from the estate. The evidence sustains the finding that there was no fraud and a discussion of the law applicable to fraud in the marital relation is not required.

Complaints of rulings on evidence are not of a character demanding notice.

Order affirmed.