[No. 4103.]

## W. J. DOUGLAS AND ELIZABETH DOUGLAS HIS WIFE, v. MARTIN FULDA ET AL.

POWER OF ATTORNEY OF HUSBAND AND WIFE.—A joint power of attorney from the husband and wife is effectual to authorize the attorney in fact to execute a lease of the separate estate of the wife.

LEASE OF WIFE'S SEPARATE ESTATE BY ATTORNEY IN FACT.—If the husband and wife make a joint power of attorney authorizing the attorney in fact to lease the separate estate of the wife, the attorney in fact, since April 13, 1863, may execute the lease in the name of, and as the lease of, the wife alone, the same as if she was an unmarried woman.

APPEAL from the County Court, City and County of San Francisco.

Action to recover possession of City Slip lot No. 43, in the city of San Francisco. The plaintiffs averred in their complaint that the plaintiff Elizabeth, on the 7th day of January, 1869, by a written lease, leased to defendants the lot for the term of two years, to commence on the 10th day of March, 1869, reserving a monthly rent of twenty-five dollars, and that the defendants had failed to pay the rent due May 10, 1870. The action was for unlawfully holding over, contrary to the terms of the lease. On the trial, the plaintiff introduced a deed of gift of the lot from Calderwood to the plaintiff, dated December 22, 1864, and a joint power of attorney given by the plaintiffs to Calderwood, on the 17th day of April, 1868, authorizing him to lease the lot. The plaintiffs then offered in evidence a written lease, wherein Elizabeth Douglas, the party of the first part, leased unto Martin Fulda, Son & Co. the lot for two years, they yielding therefor the rent mentioned in the complaint. The lease was signed by the Fuldas, and by "Elizabeth Douglas, by D. Calderwood, agent and attorney in fact for said Elizabeth." The defendants objected to the lease being received in evidence, because it was not executed by the husband, or by the attorney in fact for him, and did not therefore create the relation of landlord and tenant between the plaintiffs, or either of them, and the defendants, and because the power of attorney did not authorize Calderwood to make a lease of Mrs. Douglas's separate estate. The court sustained the objection, and rendered judgment for the defendants. The plaintiffs appealed.

The other facts are stated in the opinion.

*John Wilson*, for the Appellant.

*Hunt & Rising and G. F. & W. H. Sharp*, for the Respondents.

By the Court, NILES, J. :

The property in controversy was claimed to be the separate property of Elizabeth Douglas, a married woman. The lease offered in evidence and excluded by the court, purports to be the deed of Elizabeth Douglas alone, and is executed in her name by Calderwood, her attorney in fact. The power of attorney under which Calderwood acted was upon its face a joint power from W. J. Douglas and Elizabeth Douglas, his wife. The questions presented are, first, was the power effectual to authorize Calderwood to deal with the separate estate of the wife? and, second, was the power, if sufficient, properly executed by him?

1. The power of attorney was sufficient. In *Castro* v. *Tennent* (44 Cal. 253), a similar question arose upon the construction of a deed executed by the husband and wife jointly, and purporting to convey their joint interest in the land. It was contended that the separate estate or interest of the wife did not pass by the conveyance. But this Court said that this construction was hypercritical and too narrow and technical, and held that the separate estate of the wife passed by the deed. The question now presented is substantially the same. It was undoubtedly the intention of the parties to confer upon Calderwood the power to deal with the separate property of Elizabeth Douglas, and that power was conferred by the instrument, as we construe it.

2. Was the power properly executed? There is no doubt that prior to April 13, 1863, the signature of the husband was essential to the validity of any conveyance of the separate estate of the wife. Upon that day an act was passed by the Legislature, the first section of which authorized a married woman, in conjunction with her husband, to make and execute powers of attorney for the sale, conveyance, or incumbrance of her real or personal estate. (Stat. 1863, 165.) The second section of the act is as follows: "Any conveyance executed under and by virtue of such power of attorney shall be executed, acknowledged and certified in the same manner as if the persons making such power of attorney were unmarried."

Points decided.

The lease in this case was executed precisely as it should have been executed if Elizabeth Douglas, the grantor of the power and the owner of the property, had been an unmarried woman. It was her estate only that was to be affected by the lease. The act defining the rights of husband and wife (Hittell Dig., Art. 3568), requires the signature of the husband to a conveyance executed by the wife in person, not for the purpose of passing any title from him, but as a precaution against imposition, or for similar reasons of policy. (*Ingoldsby* v. *Juan*, 12 Cal. 576.)

But the act of 1863, above cited, has furnished a different rule for the execution of a conveyance by an attorney under a power from the wife, executed in accordance with that statute. It is to be executed as if the grantors of the power were unmarried persons; that is, in the name of the wife alone, as in this case. The Legislature may have considered that the requirement of a formal signature of the power of attorney by the husband—he thereby exercising his discretion in the selection of an agent for the wife—afforded to her a sufficient protection against imposition.

We think the lease was valid and properly executed, and that it should have been received in evidence.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.