G. K. GILBERT *vs.* DAVID L. HOW.

December 22, 1890.

45 121
50 380

45 121
60 521

45 121
71 59

**Powers of Attorney—Strict Construction.**—Powers of attorney receive a strict interpretation, and the authority is never extended by intendment or construction, beyond that which is given in terms, or is absolutely necessary for carrying the authority into effect.

**Same—Power Given by Two—Conveyance of Lands of One.**—A power executed by two persons, in which they appointed and constituted an agent to convey their lands, and transact their business, construed. *Held*, that the conveyance of a tract of land owned by one of the constituents as her separate property, and in which the other had no interest, was not authorized by the power.

Ejectment for land in Scott county, brought in the district court for that county, and tried before Francis Cadwell, Esq., as referee, who ordered judgment for defendant, which was entered and from which the plaintiff appeals. The facts found were as follows: In 1856, Franklin Chase, being owner in fee, conveyed to Mary A. Clarke.

On January 22, 1857, the latter mortgaged to Edward A. Judson. On February 28, 1857, Mary A. Clarke and Benj. F. Bucklin made to Franklin Chase the power of attorney considered in the opinion, Bucklin having no interest in the land. On July 14, 1858, Chase, assuming to act under his power of attorney, executed and delivered, in the names of both principals, a conveyance to Geo. A. Bucklin. In 1859, Judson brought suit in the U. S. circuit court for Minnesota, to foreclose his mortgage, making Geo. A. Bucklin the sole defendant, which suit proceeded to decree and sale, at which Judson became the purchaser, and, after confirmation, received the proper master's deed. In 1867, Judson conveyed to one Latz, who, in 1888, conveyed to plaintiff. The defendant offered no evidence.

*H. J. Peck*, for appellant.

*Southworth & Coller*, for respondent.

COLLINS, J. The deed in which Mary A. Clarke and B. F. Bucklin were named as grantors, and George A. Bucklin as grantee, was executed by Bucklin in person, and by Franklin Chase in behalf, and as the attorney in fact, of Mary A. Clarke. The land described therein was then the sole property of the grantor last mentioned, so far as was shown by the record, Bucklin having no interest in it. The power of attorney, by virtue of which Chase assumed to act, was a joint power, executed and delivered to him by Mary A. Clarke and B. F. Bucklin. By its terms, the latter constituted and appointed Chase "our true and lawful attorney for us, and in our names," to enter upon and take possession of all lands "to which we are or may be in any way entitled or interested, and to grant, bargain, and sell the same, * * * and for us and in our names to make * * * and deliver good and sufficient deeds; * * * and we do hereby further constitute the said Chase our attorney, and in our names to transact and manage all business; * * * and also in our names to demand, sue for, recover, and receive all sums of money," etc.

All powers of attorney receive a strict interpretation, and the authority is never extended by intendment or construction beyond that which is given in terms, or is absolutely necessary for carrying the authority into effect, and that authority must be strictly pursued. *Rossiter* v. *Rossiter*, 8 Wend. 494; *Brantley* v. *Southern Life Ins.Co.*,

53 Ala. 554; *Bliss* v. *Clark*, 16 Gray, 60. This rule was applied in *Rice* v. *Tavernier*, 8 Minn. 214, (248;) *Greve* v. *Coffin*, 14 Minn. 263, (345;) *Berkey* v. *Judd*, 22 Minn. 287. And a party dealing with an agent is chargeable with notice of the contents of the power under which he acts, and must interpret it at his own peril. *Sandford* v. *Handy*, 23 Wend. 260; *Nixon* v. *Hyserott*, 5 John. 58.

The power under which Chase pretended to convey a tract of land, the sole property of Mary A. Clarke, must be construed as authorizing him to convey such lands only as were held and owned by his two constituents jointly or in common, and not the lands held and owned by either and separately. By its terms, the attorney was not empowered to convey land held and owned as the undivided property of one, and in which the other had no interest, nor was he given authority to transact any business, except that in which the parties were jointly concerned. The authority was special, and the written power joint in form. No mention was made of the separate property or business of either of the parties who executed it, and it cannot be inferred that they intended to confer upon Chase the power to convey such property, or to transact such business. *Dodge* v. *Hopkins*, 14 Wis. 630; *Johnston* v. *Wright*, 6 Cal. 373. This rule is also recognized in *Holladay* v. *Daily*, 19 Wall. 606, although the point was not directly in issue. The deed referred to was a nullity, did not convey the land to George A. Bucklin, and, when the mortgage given by Mary A. Clarke was foreclosed by action brought against Bucklin alone, the proper party, the owner of the land, was not made a defendant. The foreclosure sale was void, and a purchaser thereat acquired no interest in the land sold. As the plaintiff's rights were predicated upon this sale, he failed to establish title to the land in himself, upon the trial.

Judgment affirmed.