WELLS TUMAN v. GEORGE A. PILLSBURY and Others.[1]

April 25, 1895.

No. 9306.

**Power of Attorney—Construction.**

A power of attorney, executed by the plaintiff and his wife, authorized N., as their attorney, to sell and convey any land which "we may hereafter acquire or become seised of, or in which we may now or hereafter be in any way interested, under the act of congress approved March 3, 1873, granting additional lands as homesteads to honorably discharged soldiers," etc. *Held*, that the power authorized N. to sell and convey land afterwards entered by the plaintiff, under the act of congress referred to, as a "soldier's additional homestead."

**Soldier's Additional Homestead—Assignment.**

Webster v. Luther, 50 Minn. 77, 52 N. W. 271, followed, to the effect that the right given by U. S. Rev. St. § 2306, to enter a soldier's additional homestead, is assignable.

Appeal by plaintiff from a judgment of the district court for the counties of Crow Wing and Cass, in favor of defendants, entered in pursuance of the findings and order of Holland, J.    Affirmed.

*Oscar Taylor*, for appellant.

*Gilfillan, Willard & Willard*, for respondents.

MITCHELL, J.    The land in controversy was entered September, 1874, in the name of plaintiff, under the act of congress, as a "soldier's additional homestead." The defendants claim title through a conveyance from plaintiff and wife executed by one Newton as their attorney. The authority under which Newton assumed to convey was a power of attorney executed by plaintiff and wife in March, 1874, authorizing him "to enter into and upon and take possession of any and all pieces and parcels of land * * * in the state of Minnesota, and in any state or territory of the United States, which we now own, or which we may hereafter acquire or become seised of, or in which we may now or hereafter be in any way interested, under the act of congress approved March 3, 1873, granting additional

1 Reported in 63 N. W. 104.

lands as homesteads to honorably discharged soldiers and sailors, their widows and orphan children; and we further authorize and empower our said attorney to grant, bargain, sell, demise, lease, convey, and confirm said land, or any part thereof, * * * to such person or persons and for such prices as to our attorney shall seem meet and proper, and thereupon to execute, acknowledge, and deliver in our name and on our behalf any deeds * * * or other instruments * * * with or without covenants and warranty, as to him shall seem meet to carry out the foregoing powers."

The contention of plaintiff is that this power only authorized the sale and conveyance of land owned jointly by the two donees,—the plaintiff and his wife,—and not of land the title to which was in the plaintiff alone. Under the familiar rule that such powers are to be construed strictly, it has been repeatedly held, as in Gilbert v. How, 45 Minn. 121, 47 N. W. 643, that a joint power executed by two persons merely authorizing an agent to convey their lands will not authorize the sale and conveyance of land owned by one of the donees of the power, and in which the other had no interest. But the construction of a power is, after all, a mere question of the intention of the parties, as expressed in the language of the instrument. Where the language of the power is as in the case cited, it will, under the rule of strict construction, be held that it was the intention of the donees to authorize the conveyance only of their joint estate, or in which they were jointly interested. But this rule is inapplicable to the facts of this case. The subject of the power was land acquired or to be acquired as a "soldier's additional," under the act of congress. The wife of the plaintiff would be "interested" in any land which he might acquire under that act, but he and she could not jointly enter "a soldier's additional homestead"; and we think we are justified in assuming that he was the only one of the two who was entitled to enter one, the legal title to which would be in him alone, and in which she would have merely such interest as the statutes of the state gave her as his wife. We are therefore of opinion that the intention was to give the attorney authority to sell and convey land entered in the name of the husband as a soldier's additional homestead, and that the wife joined in the power merely to enable the attorney to release her inchoate interest, as wife, in such land.

2. If this power to convey, coupled with a release to the agent of

all claim to the consideration which he might receive for the land, is to be construed as an assignment to him of plaintiff's right to enter a soldier's additional homestead, the validity of such an assignment must be deemed to be settled by Webster v. Luther, 50 Minn. 77, 52 N. W. 271, until a different doctrine is authoritatively announced by the supreme court of the United States.

3. There was no error in the refusal of the trial court to grant plaintiff a new trial, to enable him to produce further evidence that his signature to the power of attorney was a forgery. The evasive character of his testimony on that point at the trial, and his utter failure to furnish a sufficient excuse for not being fully prepared with his evidence on the only vital issue of fact in the case, amply justified the action of the court.

There are no other points of sufficient importance to require notice further than to say that they are without merit.

Judgment affirmed.