CHRISTOPHER SNELL v. FREDERICK WEYERHAUSER.[1]

January 4, 1898.

Nos. 10,934—(193).

Power of Attorney — Husband and Wife — Conveyance under Power of After-Acquired Soldier's "Additional Homestead"—Inchoate Dower-Right.

> The plaintiff and his wife, as such wife, joined in a power whereby they authorized and empowered one L., as their attorney in fact, among other things to grant, bargain, sell and convey all pieces or parcels of land which they then owned, or might thereafter acquire or become seised of, "or which they may now or hereafter be in any way interested." *Held*, that under this power the attorney was authorized and empowered to convey a tract of land thereafter acquired by the husband as a soldier's additional homestead, and to bar the wife's inchoate dower-right, provided for in G. S. 1866, c. 48.

Action in the district court for Itasca county to determine adverse claims to vacant and unoccupied land. The case was removed to Crow Wing county. The court, Holland, J., found as facts that plaintiff, having agreed to sell his additional homestead right to one White, executed, his wife joining, the power mentioned in the opinion, and that thereafter in 1874 he made application for, and received from the federal government, a patent for his additional homestead; that under the power the land was then conveyed to one Newton, and the deed recorded in 1875. That by mesne conveyances the defendant derived his title from Newton, and that he was a purchaser in good faith for a valuable consideration without notice of any interest of plaintiff in the property. As a conclusion of law the court ordered judgment for defendant. From an order denying a new trial plaintiff appealed. Affirmed.

*Oscar Taylor* and *M. D. Taylor*, for appellant.

Powers of attorney are to be strictly construed, and joint powers of this form are to be limited in their operation to lands owned jointly by the grantors therein. Gilbert v. How, 45 Minn. 121;

[1] Reported in 73 N. W. 633.

Rice v. Tavernier, 8 Minn. 214 (248); King v. Pillsbury, 50 Minn. 48; Greve v. Coffin, 14 Minn. 263 (345); Hersey v. Lambert, 50 Minn. 373; Cox v. Manvel, 50 Minn. 87; Harris v. Johnston, 54 Minn. 177. It makes no difference whether the grantors are husband and wife or strangers, where, as in Minnesota, a conveyance to husband and wife as grantees, vests the title in them as joint tenants or tenants in common exactly as if no marital relation existed between them. Wilson v. Wilson, 43 Minn. 398; Dodge v. Hopkins, 14 Wis. 686.

*Wilson & Van Derlip*, for respondent.

COLLINS, J.[2]

Action to determine adverse claims to 80 acres of vacant and unoccupied land, originally entered in plaintiff's name as a "soldier's additional homestead," under the act of congress.[3] The defendant's claim of title is predicated, through several conveyances, upon a warranty deed from plaintiff and his wife to one Newton, executed and delivered in 1874 by J. A. Lovejoy as their attorney in fact. The power under which Lovejoy assumed to act is dated in 1873, and although plaintiff contended in his reply, and upon the trial, that it was a forgery, the court below found to the contrary, and, as claimed by defendant, that it was duly executed and delivered. This finding, as well as all others, was supported by the evidence.

The primary question to be determined,—and on this we dispose of the case,—is as to the sufficiency of the power of attorney to authorize the conveyance of land owned by the plaintiff solely, and in which his wife had no interest except by reason of the marital relation. So much of the instrument as is necessary for our present purpose was as follows:

"Know all men by these presents, that Christopher Snell and Sarah F. Snell, his wife, of the county of Meeker, in the state of Minnesota, have made, constituted and appointed, and by these presents do make, constitute and appoint J. A. Lovejoy, of Hennepin county, in the state of Minnesota, their true and lawful attorney, for and in their name, place and stead, to enter into and upon, and take possession of, all pieces and parcels of land, or the timber

[2] BUCK, J., absent, took no part.     [3] R. S. (U. S.) § 2306.

and other materials thereon, in the state of Minnesota and in any state or territory of the United States, which they may now own, or which they may hereafter acquire or become seised of, or which they may now or *hereafter be in any way interested.*"

The italics are our own. In Gilbert v. How, 45 Minn. 121, 47 N. W. 643, it was held, applying the familiar rule that these powers are to be strictly construed, that a joint power executed by two persons, merely authorizing their attorney in fact to convey their lands, did not authorize the sale and conveyance of land owned by one, but in which the other had no interest whatsoever. That case would be decisive of this if the constituents of the power under consideration were not husband and wife, and if the latter had no interest, inchoate or otherwise, in real estate owned by the former during coverture.

In Tuman v. Pillsbury, 60 Minn. 520, 63 N. W. 104, it was held that a power of attorney executed by a husband and his wife, in which their attorney was authorized to sell and convey any land which

"We may hereafter acquire or become seised of, or in which we may now or hereafter be in any way interested, under the act of congress * * * granting additional lands as homesteads to honorably discharged soldiers,"

empowered the attorney named to sell and convey land afterwards acquired by the husband as a "soldier's additional homestead." That decision seems to have been placed upon the ground that the written authority to sell and convey related solely to land then or thereafter to be acquired by the husband as a soldier's additional homestead. It was not necessary to go further to dispose of that case. But it was not held, nor was it intimated, that, if the written authority to sell and convey had not been so limited and restricted, it would not have empowered a sale and conveyance of real property acquired by the husband in some other manner, and held by him individually.

The construction of a power is nothing more than a question of the intention of the parties executing the same, as expressed in the language used. From the language as found in the instrument itself we are to ascertain what was intended.

Upon examination we find that Lovejoy was authorized and empowered, in plain and explicit terms, to enter upon, to take possession of, to grant, bargain, sell, demise, lease and convey, any and all pieces or parcels of land then owned by plaintiff and his wife, or of which they might afterwards become seised. Nor did the power and authority stop with the use of this very comprehensive language, for in addition, ex industria, the same power and authority was conferred upon Lovejoy over all pieces or parcels of land in which plaintiff and his wife "may now or hereafter be in any way interested." These words must be given some effect, and the query is, are they broad enough to authorize the conveyance of land acquired by plaintiff in his own right and name, and in which his spouse has nothing but the inchoate right of dower given by the law in force when the letter of attorney was executed and the conveyance made by virtue of it (G. S. 1866, c. 48); which right could only be barred by her own conveyance (G. S. 1866, c. 48, § 13, as amended by Laws 1874, c. 64). We think they are, and that we are not encroaching upon any of the well-settled rules of construction by so holding.

When the plaintiff made this additional entry, and when the land was patented to him in 1874, his wife's dower-right instantly attached, and she became interested in the 80 acres because of the statutory provisions. She then had an interest in the land which could be barred by a conveyance, and it was none the less an interest because uncertain or contingent. She could devest herself of this interest in the manner prescribed by the amendatory act of 1874. This could be done through an attorney in fact regularly constituted and duly authorized. In the letter in question she was named as the wife of the other constituent, and in express words both authorized and empowered the sale and conveyance of any pieces or parcels of land in which they then were or might thereafter become interested.

We conclude that by using this phrase, "in which they may now or hereafter be in any way interested," the husband authorized and empowered Lovejoy to convey the land subsequently acquired as an additional homestead, while the wife authorized and empowered

him to bar her dower-right or interest therein.   We find no other question which needs consideration.

Order affirmed.