GEORGE W. HOLLAND v. ROBERT H. NETTERBERG and Others.[1]

March 26, 1909.

Nos. 15,857—(140).

**Patent Conclusive Evidence of Title.**

In 1881 defendants' ancestor received certificates of sale of school lands. In 1882 he assigned the certificates, by indorsement in which the wife did not join, to persons who assigned them to plaintiff's grantor. A patent was issued to her in 1890 upon payment of the balance due the state. In 1906 she and her husband conveyed to the plaintiff. The original purchaser died intestate in 1883. His wife survived until 1898. The premises at all times have been vacant and unoccupied. Timber was cut, but no permanent structure was built thereon. Taxes were paid by plaintiff, or by persons through whom plaintiff claimed. In an action to determine adverse claims it is *held* a patent regular on its face, in proper form, signed by the proper officers, with the proper seal, is conclusive evidence of regular title. Accordingly one who has a prior equitable right to receive patent superior to that of the patentee may enforce his equity by action, or, when he is defendant, by answer, in which the court may cause regular title to be vested in him and may adjudge possession to him. McKinney v. Bode, 33 Minn. 450, followed and applied.

**Same—Prima Facie Effect not Avoided.**

Defendants proved no facts sufficient to entitle them to avoid the prima facie effect of the patent.

[1] Reported in 120 N. W. 527.

Action in the district court for Crow Wing county to determine adverse claims to certain land. Defendants' demurrers to the reply and amended reply were overruled, and the case was submitted on the pleadings and stipulated facts before McClenahan, J., who found that plaintiff was the sole owner in fee of the land described. From the judgment entered pursuant to the findings, defendants appealed. Affirmed.

*Charles N. Dohs* and *B. H. Schriber*, for appellants.

*Alderman & Mantor* and *Leon E. Lum*, for respondent.

JAGGARD, J.

In 1881 the ancestor of the defendants bid in two quarter sections of school land in this state. In 1881 he received the regular certificates of sale therefor, for which he paid $30 in one quarter and $33 in the other, and gave his obligation to the state for the payment of the balance. At this time he was married. The defendants are the children and heirs and their respective husbands and wives. In 1882 he assigned by indorsement one certificate to one Jackson, and the other to one Congdon. His wife did not sign either of these assignments. The certificates, with the assignments, were recorded in 1888. The assignee entered the land, cut the timber, paid taxes, and in 1883 assigned the certificates to Hubbard and Hayward, who in 1889 or 1890 assigned them to Della M. Hayward. A patent was issued to her by the state in 1890 upon the payment of the balance due. In 1906 she and her husband conveyed to the plaintiff. The original purchaser died intestate, a resident of Minnesota, in 1883. His wife survived until 1898, when she died, a resident of this state and intestate. The premises at all times have been vacant and unoccupied. Timber was cut, but no permanent structure was built thereon. The land was not fenced until plaintiff fenced it after the commencement of this action. On an agreed statement of facts the court ordered judgment for plaintiff in this action—that plaintiff was the sole owner in fee simple of the land. On the part of defendants this appeal was taken from the judgment entered therein.

Defendants' argument is: (1) That the wife, on her husband's death, had a vested right to an undivided one-third interest in the land; (2) that the issuance of the patent did not affect such right; (3) that on the husband's death the wife and plaintiff's grantors became tenants

in common, and that upon her death defendants, as her heirs at law, succeeded to her title and status; (4) and that this interest has never been divested, nor this status destroyed.

The second proposition is unsound. The whole argument fails with it. It ignores the natural and necessary legal effect of the issuance of a patent. The only authority cited to sustain it is McKinney v. Bode, 32 Minn. 228, 20 N. W. 94, involving an action of ejectment. Many considerations serve to differentiate it. It suffices for present purposes to call attention to the circumstances that the assignment of the certificate of purchase of school lands to one Angus, to whom the patent was issued, was void as a contract between the husband and wife relative to the real estate, and that the defendant was in no wise connected with the patent. Indeed, the subsequent history of this very case demonstrates the unsoundness of defendant's proposition; for Bode, the defendant in the case cited, after the first trial in ejectment acquired the patent title for Angus. Accordingly, on the second trial, the defendant prevailed through the patent title. See 33 Minn. 450, 23 N. W. 851. Gilfillan, C. J., there announced what is now the settled rule in this state, viz., that a patent regular on its face, in proper form, signed by the proper officers, with the proper seal, is conclusive evidence of regular title, and that accordingly one who holds it has a prior equitable right, and that accordingly one who has a prior equitable right to receive the patent superior to that of the patentee may enforce his equity by action, or, when he is defendant, by answer, in which the court may cause the legal title to be vested in him and may adjudge the possession to him. McKinney v. Bode, 33 Minn. 450, 23 N. W. 851.

This rule is entirely consistent with the decision in Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110, to which, in particular, defendants refer us. That case concerned the rights of the certificate holder, not as against a person to whom, as a purported assignee of the certificate, a patent had been issued, but as against another person claiming under a resulting trust which the statute had abolished.

Defendants insist in their brief that "this action is essentially an action at law, entirely statutory and in rem." Defendants did not assert an equitable title in their answer. On the contrary, they pleaded on the theory that defendants were the legal owners of the undivided one-third tract of the land described in the complaint. The issue of

equitable relief is, therefore, not before the court.    Stuart v. Lowry, 49 Minn. 91, 51 N. W. 662; Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068.    The conclusion of the trial court must therefore be sustained.    Moreover, the defendants' ancestor, from 1882 until her death in 1898, made no objection to the payment of the balance due the state, nor to the use of the premises, nor to the patent issued in 1890, but abandoned the premises as completely as was possible.    Nor have the heirs asserted any claim since then until after this action was commenced.    Within the rule laid down in Murphy v. Burke, 47 Minn. 99, 49 N. W. 387, this constituted an abandonment.  Defendants' equity was not superior to plaintiff's.    McKinney v. Bode, 33 Minn. 450, 23 N. W. 851.    The authorities to which defendants refer us, which concern cotenants, are not in point.

Order affirmed.