# MARY JANE ROY v. HARRISON IRON MINING COMPANY.[1]

December 30, 1910.

Nos. 16,883—(202).

**Construction of power of attorney — husband and wife — evidence.**

> The finding of the trial court that a power of attorney from "Peter Roy and Philomen Roy, Sen. (wife of Peter Roy)," appointing another "true and lawful attorney for me and in my name," and continuing throughout in the first person singular, was intended to authorize the sale of the husband's land only, and not the separate property of the wife, *held* to be sustained by the evidence.

Action in the district court for Itasca county to determine adverse claims to certain vacant and unoccupied land. The defendant iron mining company alone appeared. Its answer denied the allegations of the complaint and as a counterclaim alleged that plaintiff claimed some interest or ownership by reason of a conveyance in the year 1892 from her mother Philomen Roy, Sen., who with her husband in the year 1873 conveyed by good and sufficient deed to defendant's predecessors or grantors, and after the making and delivery of such deed Philomen Roy, Sen., and her husband never had any right, title or interest in the land; that such deed was recorded in the office of the register of deeds of Itasca county in the year 1873; that by virtue of that deed and by mesne conveyances the title to the land in fee simple absolute had been conveyed, and then was, in defendant company, which had been in quiet and peaceful possession of the same for more than six years prior to the bringing of the action, and that plaintiff's claim is a cloud on defendant's title to the same. The reply was a general denial. The facts are stated in the opinion. The case was tried before McClenahan, J., who made findings of fact and conclusions of law, as stated in the

[1] Reported in 129 N. W. 154.

sixth paragraph of the opinion. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*J. A. Murphy, Thomas R. Benton,* and *W. M. Steele,* for appellant.

*J. T. Van Metre* and *John H. Steele,* for respondent.

O'BRIEN, J.

Plaintiff brought this action to quiet title. October 25, 1873, Philomen Roy, Sr., who was then the wife of Peter Roy, applied to the United States to locate one hundred sixty acres of land in Stearns county. On January 10, 1874, a receipt for $200 in full payment was issued to her by the receiver at Duluth, showing her to be entitled to a patent for the land. A patent was subsequently issued to her, dated April 20, 1875, and which, according to a notation on the government records, was on June 5, 1878, mailed to H. F. Brown. On September 18, 1872, there was executed a power of attorney, a portion of which we quote:

"Know all men by these presents, that Peter Roy & Philomen Roy (wife of Peter Roy), of the county of Morrison, in the state of Minnesota, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, C. E. Brown, of Hennepin county, in the state of Minnesota, true and lawful attorney for me, and in my name, place, and stead, to enter into and upon and take possession of any and all pieces and parcels of land, or the timber and other materials thereon, in the state of California; and in any state or territory of the United States which I now own, or which I may hereafter acquire or become seised of, or in which I may now or hereafter be in any way interested; * * * and I further authorize and empower my said attorney to grant, bargain, sell, demise, lease, convey, and confirm said land, or any part thereof, or the right to sever and remove timber and other materials therefrom, to such person or persons and for such prices as to my said attorney shall seem meet and proper, and thereupon to execute, acknowledge, and deliver in my name and on my behalf any deeds, leases, contracts, or other instruments, sealed or unsealed, and with or without covenants and warranty. * * *"

"In witness whereof, I have set my hand and seal this eighteenth day of September, A. D. 1872.

"Peter Roy,                    [Seal.]

her

"Philomen X Roy, Sen.   [Seal.]"

mark

In the portions of the power omitted the personal pronoun in the first person singular was continued throughout. The power was acknowledged by both husband and wife; the acknowledgment reciting that the wife acknowledged the same on an examination "apart from and without the hearing of her husband."

By warranty deed, dated October 31, 1873, C. E. Brown, assuming to act as attorney in fact for Peter and Philomen Roy, conveyed the land to his brother, Henry F. Brown, and by mesne conveyances whatever title was so conveyed is now in defendant, the Harrison Iron Mining Company. On December 21, 1892, Philomen Roy, Sr., then a widow, executed a quitclaim deed for the land to her daughter, Mary Jane Roy. The deed was recorded December 27, 1892. No taxes were paid by Philomen Roy or the plaintiff.

The mining company answered, claiming title under the deed to it. Neither party claimed adverse possession. The trial court found the issuance of the patent and execution of the power and deeds as already recited, and in reference to the power of attorney: " * * * But said Philomen Roy, Sr., so executed said power of attorney for the sole purpose of thereby authorizing said Brown to release her dower interest in her said husband's lands, and no authority was thereby intended to be given to convey or dispose of her separate estate; that said power of attorney was duly recorded on November 10, 1873." As conclusions of law, plaintiff was found to be the owner in fee simple of the land, free from any interest by defendant, and judgment in plaintiff's favor was directed. Subsequently defendant moved for amended findings, so as to include the transactions relating to the application for the land made by Philomen Roy and kindred matters and findings as to the various conveyances which would entitle defendant to judgment. The motion was denied, judgment entered, and defendant appealed.

113 M.—10.

While several errors have been assigned, we fully agree with the following frank statement with which counsel for appellant commence their argument before this court: "All of the foregoing assignments of error reach back and relate, either directly or indirectly, to the effect given by the trial court to the power of attorney." It is only necessary, therefore, to consider whether the evidence supports the finding of the trial court to the effect that the power was from Peter Roy for the conveyance of his separate lands, and not intended to authorize the sale of the separate property of the wife.

Philomen Roy, now more than seventy years of age, denied the execution of any power by her. However, the learned trial judge seemed to entertain no doubt that she had executed the power for some purpose. There was no finding, and perhaps no definite claim, of fraud. The evidence as to the situation of the parties at the time she took the necessary steps to obtain title was very slight, and evidently considered of no value, since the trial court refused to make any findings with reference to that subject. We have, therefore, to determine whether or not the instrument itself bears·internal evidence that it was intended to operate only as found by the court.

A memorandum made by the learned trial judge reads as follows: "The contention that the plaintiff's grantor did not sign the power of attorney to Brown cannot be given very serious consideration; but, on the other hand, the arguments advanced in support of defendant's claim that Philomen Roy, by such power of attorney, authorized a conveyance of her separate estate, are not very impressive. The instrument itself, as I read it, leaves little to be said as to what was intended. It presents the ordinary case of a married woman joining with her husband in the execution of an instrument affecting his lands and her dower interest therein. The rules for construing powers of attorney are well settled, and, in my judgment, force the conclusion reached in this case. Gilbert v. How, 45 Minn. 121 [47 N. W. 643, 22 Am. St. 724]; Tuman v. Pillsbury, 60 Minn. 520 [63 N. W. 104]; Snell v. Weyerhauser, 71 Minn. 57 [73 N. W. 633]; Stoneware Co. v. McCrossen, 110 Wis. 316 [85 N. W. 1019, 84 Am. St. 927]. Under the pleadings no equitable relief is here sought. Stuart v. Lowry, 49 Minn. 91 [51

N. W. 662] ; Holland v. Netterberg [107 Minn. 380] 120 N. W. 527."

The authorities relied on by the trial court are controlling. Tuman v. Pillsbury is directly in point, holding, as it does, that the intention of the grantors in the power is the ultimate question to be determined. In that case a joint power was held to authorize the sale of the husband's separate property. Naturally such a finding would be still more easily arrived at where the power upon its face authorized the sale of only the property of one of the parties, without, however, specifying which. It is doubtful that the same conclusion could be reached under the authority of Gilbert v. How, supra, in which it was held a joint power was not sufficient for the conveyance of the separate property of one. Those cases can be distinguished. In the Tuman case the parties were husband and wife, the power referred to lands acquired in a special manner, and the husband acquired the land in the specified manner. In Gilbert v. How these facts did not appear.

Counsel have cited other authorities, amongst them Weare v. Williams, 85 Iowa, 253, 52 N. W. 328; 1 Parsons, Contracts (6th Ed.) p. 11; Ellison v. Branstrator, 153 Ind. 146, 54 N. E. 433; Platt v. Finck, 60 App. Div. 312, 70 N. Y. Supp. 77; Bishop, Contracts, § 383; Moss v. Wilson, 40 Cal. 151; Knisely v. Shenberger, 7 Watts (Pa.) 193; Dill v. White, 52 Wis. 456, 9 N. W. 404; Monson v. Drakeley, 40 Conn. 552, 16 Am. Rep. 74; Scheid v. Leibshultz, 51 Ind. 38. But we think the decisions of this court are conclusive, and to the effect that under a power such as this purchasers take a conveyance at their own peril, and if the language of the power is ambiguous, and the conveyance is not one which the grantors intended to authorize, no title passes. Snell v. Weyerhauser, 71 Minn. 57, 73 N. W. 633.

Defendant's claim, as we understand, is that the evidence shows that about the time of the execution of this power Philomen Roy made her application to the land office for the land, shortly afterwards received her final receipt, and thereafter gave no attention to the matter; all showing, if the power is open to construction, that it was intended to authorize a conveyance of her separate property.

Against this is the first statement in the power authorizing the conveyance of lands in California or any other state and the form of acknowledgment, reciting her separate examination.

I am personally unable to satisfy myself that the intention found by the trial court can be determined from an examination of the instrument itself, and think upon a question of so much doubt the surrounding circumstances should be given greater weight than they were in this case, and that the trial court should have found something more with reference to those circumstances. Further than this, I can see nothing in the instrument itself which indicates that it was intended to authorize the conveyance of the husband's land, any more than that of the wife, or land held jointly by both. It would, to my mind, be much more logical to reject the instrument entirely, as indefinite and ambiguous, than to interpret it as being intended to cover the husband's lands only. But a majority of the court hold otherwise, and to the effect that the finding of the learned trial judge in this respect was fully sustained by the evidence.

Under the pleadings in this case, both parties relying solely upon the legal title claimed respectively by each, defendant was not entitled to equitable relief. Holland v. Netterberg, 107 Minn. 380, 120 N. W. 527.

Judgment affirmed.