16-923-cv
Broadspring, Inc. v. Nashed, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand seventeen.

PRESENT:  ROBERT D. SACK,
                      RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*,
                      PAUL A. CROTTY,
                              *District Judge.*\*

------------------------------------------------------------------

BROADSPRING, INC.,

      *Plaintiff-Counter-Defendant-Appellant*,

      v.              No. 16-923-cv

ASHRAF NASHED, CONGOO, LLC, DBA ADIANT, DBA ADBLADE, RAFAEL COSENTINO,

      *Defendants-Counter-Claimants-Appellees.*\*\*

---

\* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of Court is directed to amend the official caption to conform to the caption above.

1

FOR APPELLANT:    JOSHUA B. KATZ (Jack A. Gordon, *on the brief*), Kent, Beatty & Gordon, LLP, New York, NY.

FOR APPELLEES:    NORMAN C. SIMON (Samantha V. Ettari, *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the matter is REMANDED for further proceedings.

Broadspring, Inc. appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.) denying its motion for a new damages trial and granting in part and denying in part each party's motion for taxation of costs.   On appeal, Broadspring argues that it was entitled to special damages in the form of attorney's fees and that the District Court erred in apportioning certain costs in favor of the defendants, Congoo, LLC, Ashraf Nashed, and Rafael Cosentino ("Defendants").   We assume the parties'

familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

Broadspring argues first that California law allows a defamation plaintiff to recover attorney's fees as special damages where the expense was "proximately caused by the tort." Reviewing the District Court's determination of state law de novo, see Salve Regina Coll. v. Russell, 499 U.S. 225, 231 (1991), we reject Broadspring's argument. California follows the American rule, under which each party is responsible for its own attorney's fees unless a statute, agreement of the parties, or judge-made exception provides otherwise. Gray v. Don Miller & Assocs., Inc., 35 Cal. 3d 498, 504–05 (1984); Cal. Civ. Proc. Code § 1021 (West 2016). Here no statute, agreement, or exception suggests that Broadspring was entitled to attorney's fees in the form of damages. To the contrary, the California Supreme Court has declined to adopt a rule allowing attorney's fees as damages whenever a defendant's conduct caused the plaintiff to incur the fees. See Gray, 35 Cal. 3d at 505–07. And Brandt v. Superior Court, 37 Cal. 3d 813 (1985), on which Broadspring relies, has been "limited to [its] factual setting . . . and the particular conduct at issue" in that case, namely, attorney's fees arising from an insurer's bad-faith refusal to pay benefits. Fuhrman v. Cal. Satellite Sys., 179 Cal.

App. 3d 408, 426 (Cal. Ct. App. 1986), <u>abrogated on other grounds by</u> <u>Silberg v.</u> <u>Anderson</u>, 50 Cal. 3d 205, 219 (1990); <u>see also</u> <u>Cassim v. Allstate Ins. Co.</u>, 33 Cal. 4th 780, 806 (2004) ("In <u>Brandt</u>, this court established a notable exception to [the American rule] for insurance bad faith cases.").

Broadspring also challenges the District Court's apportionment of trial costs. First, Broadspring takes issue with the District Court's decision to award Broadspring only half of its taxable costs on the ground that Broadspring prevailed on only one of its claims at trial. The decision to award costs pursuant to Federal Rule of Civil Procedure 54(d)(1) "rests within the sound discretion of the district court." <u>Dattner v. Conagra Foods, Inc.</u>, 458 F.3d 98, 100 (2d Cir. 2006) (quotation marks omitted). The District Court acted within its discretion in declining to award Broadspring costs for a claim on which it did not prevail. <u>See</u> <u>ARP Films, Inc. v. Marvel Entm't Grp., Inc.</u>, 952 F.2d 643, 651 (2d Cir. 1991). The District Court also was within its discretion in approving Defendants' request to tax trial transcripts under Southern District of New York Local Rule 54.1(c)(1). Broadspring argues that the daily transcripts were not "necessarily obtained" within the meaning of the rule, but we typically defer to the assessment of the district court, which is "peculiarly in a position to assess the necessity of daily

4

copy." United States v. Procario, 361 F.2d 683, 685 (2d Cir. 1966). Here Defendants and the District Court necessarily relied on the daily transcripts in recalling prior testimony, reviewing the admission of evidence, and identifying testimony responsive to the jury's transcript request.

Broadspring further contends that the District Court misapplied Federal Rule of Civil Procedure 68(d) in allowing Defendants to tax costs for deposition transcripts purchased prior to Defendants' offer of judgment. But the District Court found—and Broadspring has never disputed—that the depositions in question largely addressed Broadspring's Lanham Act claim. That finding justified an award of costs to Defendants as prevailing parties under Rule 54(d). See Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582, 305 F.3d 82, 88 (2d Cir. 2002) ("[W]e are entitled to affirm the district court on any ground for which there is support in the record, even if not adopted by the district court.").

At oral argument on appeal, Defendants conceded that the District Court erred in denying Broadspring recovery of the costs associated with Defendants' deposition of Dr. Russell W. Mangum on the ground that Defendants were the prevailing party under Rule 54(d). Broadspring sought these costs pursuant to

Federal Rule of Civil Procedure 26(b)(4)(E), which requires a district court to order that a party deposing an expert pay a reasonable fee "[u]nless manifest injustice would result."   Fed. R. Civ. P. 26(b)(4)(E).   The District Court did not identify any manifest injustice, and Rule 26(b)(4)(E) operates independently of Rule 54(d)'s condition that cost recovery is limited to the prevailing party.   In view of the confessed error, we vacate and remand to the District Court to consider anew whether the award of expert deposition costs is required and, if so, whether those costs are reasonable.

We have considered the remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the matter is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court